**John J. RIGBY, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 13840.**

United States Court of Appeals
District of Columbia Circuit.

Argued June 25, 1957.

Decided July 11, 1957.

Mr. David Carliner, Washington, D.
C., (appointed by this Court) for appellant.

Mr. Harry T. Alexander, Asst. U. S.
Atty., Washington, D. C., with whom
Messrs. Oliver Gasch, U. S. Atty., Lewis
Carroll, and Joel D. Blackwell, Asst. U. S.
Attys., Washington, D. C., were on the
brief, for appellee.

Before WILBUR K. MILLER, FAHY and
DANAHER, Circuit Judges.

DANAHER, Circuit Judge.

Appellant charges that the District
Court erred in denying his motion to
suppress the use against him of certain
evidence, seized from his home. He had
alleged that F.B.I. agents, without a
search warrant and without valid consent, had entered his apartment on June
27, 1956, while seeking the effects of one
Accardo.[1] The latter had been arrested
on a fugitive warrant while on the street,
outside of the premises where Rigby's
apartment was located. Next day, upon
learning of the arrest of Accardo, Metropolitan Police went to the F.B.I. office
and examined two suitcases, said by Mrs.
Rigby to have been the property of Accardo. Recognizing the contents as property said to have been stolen, the police
had ample opportunity to obtain a search
warrant, but failed to do so.[2] Instead,
they went to and entered Rigby's apartment, and searched for and seized additional items said to have been stolen.
Indictments followed, and Rigby and Accardo were convicted.

Although the federal agents were present in court at the time of the hearing
on the motion, they were not called to
testify as to the circumstances preceding
and associated with their entry into Rigby's apartment. One agent took the
stand but was excused without being
questioned on the point. The Government, apparently having concluded that
Accardo lacked standing to challenge the
entry and search by the F.B.I. agents, of-

1. Accardo v. United States, 1957, 100 U.S.
App.D.C. ——, 247 F.2d 568.
2. Id. Accardo had expressly disclaimed
ownership of the stolen property. When
arrested he was wearing a diamond ring
which had been stolen from the home
of one Bauman. Police procured a

search warrant for the purpose of picking up the ring from the police property clerk, and it was later identified at
the trial as the property of a Mrs. Davis,
employee at the Bauman home. No evidence was adduced linking Rigby with the
theft of the ring.

fered no evidence whatever as to the appellant's waiver of his Fourth Amendment rights.

 Quite apart from the burden normally devolving upon the accused to demonstrate alleged illegality in the procurement of evidence,[3] we have pointed out that if the Government relies upon consent and alleges the absence of intimidation and duress, "it has the burden of convincing the court that they are in fact absent."[4] Here, neither by testimony nor by affidavit, did the Government establish true consent, free of duress and coercion, in refutation of Rigby's claims. Absent such a showing, "we must hold that there was no consent and that the search and seizure [by the F.B.I. agents] were not permissible."[5] Since no independent basis has been demonstrated for the June 28 police search without a warrant, it follows that Rigby's motion to suppress should have been granted.

Reversed.

WILBUR K. MILLER, Circuit Judge, dissents.

**3.** Nardone v. United States, 1939, 308 U.S. 338, 341, 60 S.Ct. 266, 84 L.Ed. 307.

**4.** Judd v. United States, 1951, 89 U.S. App.D.C. 64, 66, 190 F.2d 649, 651.

**5.** Id., 89 U.S.App.D.C. at page 67, 190 F. 2d at page 652; cf. Higgins v. United States, 1954, 93 U.S.App.D.C. 340, 209 F.2d 819.