**UNITED STATES of America**

v.

**Herbert WALLACE.**

**Cr. No. 173-58.**

United States District Court
District of Columbia,
Criminal Division.

April 2, 1958.

Alexander L. Stevas, Asst. U. S. Atty., Washington, D. C., for plaintiff.

Roy M. Ellis, Washington, D. C., for defendant.

PINE, District Judge.

This is a motion to suppress evidence claimed to have been seized after an illegal search of defendant's premises. The defendant and two police officers have given their testimony in connection with the seizure. There is the not unusual conflict in their testimony. However, it appears that the police had probable cause to arrest the defendant and after talking to him had probable cause to obtain a search warrant. This they did not do, but instead took him to his dwelling which they searched and in which they seized the evidence in question. No useful purpose would be served by attempting to find authority exactly to fit this case, for rarely are two cases ever exactly alike factually, and each case must depend upon its own facts and circumstances under relevant criteria. Smith v. United States, D.C.Cir., 254 F.2d 751.

The Constitution only prohibits unreasonable search and seizure. A search of a dwelling is generally considered unreasonable when made without a search warrant. There are, however, exceptions, limited in character, which turn upon reasonableness under all the circumstances and not upon the practicability of procuring a search warrant. Johnson v. United States, 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436; United States v. Rabinowitz, 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653. In this case as above indicated there was probable cause to obtain a search warrant and there was no reasonable ground for not obtaining it.[1] Therefore the search and seizure were illegal unless there was valid consent, and the Government places its reliance on consent.

1. There was no question of violence, no movable vehicle was involved, no pursuit to make an arrest and no imminent destruction, removal, or concealment of the property intended to be seized. United States v. Jeffers, 342 U.S. 48, 52, 72 S.Ct. 93, 96 L.Ed. 59.

On this question the evidence is in conflict, the police officer testifying that defendant volunteered to permit the search, and defendant testifying that he did not object to the search. At that time, however, he was under arrest, had been interrogated by the police for some time, and had denied any part in the housebreaking. The police officer testified that defendant stated that a suitcase, camera and a coat were in his dwelling after the officer had informed him that it was a part of the property that had been stolen, but claimed that he obtained them from his co-defendant. As stated, no confession or inculpatory admission preceded the search or the alleged permission to search. In defendant's words, he was "conned" and "sweet talked" into stating that he did not object. The defendant is inarticulate, but a reasonable inference from this language is that the officer indicated to him that he had nothing to fear if he did not participate in the housebreaking and that there was no reason why he should not turn over the stolen property. It would not be likely that defendant would understand that the exclusive possession of recently stolen property raises an inference that defendant was the thief and that such inference takes the case to the jury, which may be sufficient for a finding of guilt unless explained away.

On these facts and under these circumstances the question is whether legal consent was given. The criterion in answering this question is set forth in Judd v. United States, 89 U.S.App.D.C. 64, 190 F.2d 649, and briefly is as follows: Consent to such search and seizure must be proved by clear and positive testimony and it must be established that there was no duress or coercion, actual or implied. Where the defendant is under arrest the Government's burden is particularly heavy. Intimidation and duress are almost necessarily implicit in such situations, and if the Government alleges their absence it has the burden of convincing the Court that they are in fact absent. Paraphrasing this, the consent must be clearly shown to be free, uncoerced and voluntary. Under the above facts and considering the total atmosphere under which defendant stated that he had no objection to the search, I am of the opinion that his consent was not real, uncoerced and voluntary, but that he was tricked or coerced into saying he had no objection.

As against this view the Government cites Brainard v. United States, 95 U.S. App.D.C. 121, 220 F.2d 384. The facts in this case are not set forth in the Per Curiam opinion, but Government's brief reveals a valid confession preceding consent to search. This fact alone clearly distinguishes the Brainard case from Judd v. United States, supra, and Higgins v. United States, 93 U.S.App.D.C. 340, 209 F.2d 819, and Rigby v. United States, 101 U.S.App.D.C. 178, 247 F.2d 584, which followed the rule announced in the Judd case. That this distinction on the facts is a valid one would seem obvious, but it is recognized in the Higgins case, supra [93 U.S.App.D.C. 340, 209 F.2d 820], where the Court stated that "no sane man who denies his guilt would actually be willing that policemen search his room for contraband which is certain to be discovered." It is also recognized in United States v. Mitchell, 322 U.S. 65, 64 S.Ct. 896, 88 L.Ed. 1140. I can find no valid basis for equating denial of guilt coupled with an explanation of possession of recently stolen property with a confession of guilt preceding the consent. In the former, as above stated, defendant has the burden of going forward to explain to the jury the inference raised by such possession, while in the latter, the confession of guilt preceding consent leaves nothing to be explained and may show true consent.