**UNITED STATES of America**

v.

**Frank Vincent REGINA, Ferdinand Regina, and Morris Denker, Defendants.**

**Crim. No. 46104.**

United States District Court

E. D. New York.

Dec. 27, 1961.

Joseph P. Hoey, U. S. Atty., Brooklyn, N. Y., for plaintiff. John J. V. Sullivan, Asst. U. S. Atty., Brooklyn, N. Y., of counsel.

Spiegel & Davis, New York City, for defendant Frank Regina, Samuel A. Spiegel, New York City, of counsel.

Lea Singer, Brooklyn, N. Y., for Ferdinand Regina.

RAYFIEL, District Judge.

On December 29, 1959 a two-count indictment was filed against the above-named defendants. Count 1 thereof charges that they received, concealed and stored certain goods, wares and merchandise therein described of the value of more than $5,000, which constituted interstate commerce, knowing the same to have been stolen, in violation of Sections 2315 and 2 of Title 18 United States Code, Count 2 charges them with conspiracy to commit the offense described in Count 1, in violation of Section 371 of said Title.

The defendant Frank Regina has moved under Rule 41(e) of the Federal Rules of Criminal Procedure, 18 U.S.C. to suppress the use as evidence of certain cartons containing the goods referred to in the indictment on the ground that they were illegally seized from his automobile without a warrant.

The defendant Ferdinand Regina has made a similar motion respecting a number of cartons illegally seized from his home without a warrant.

Both defendants moved also for leave to inspect the Grand Jury minutes "and/or to dismiss the indictment," and, under Rules 7(f) and 16 of said Rules, respectively, for a bill of particulars and for leave to inspect and copy certain documents. At the conclusion of argument thereon the motion to inspect the Grand Jury minutes and dismiss the indictment was denied and the motions for a bill of particulars and for leave to inspect and copy certain documents were granted in part, as indicated by the Court in its oral decision. We are concerned, then, only with the motions under Rule 41(e), supra.

Because of the sharp factual conflict in the supporting and opposing affidavits respecting the circumstances under which the Government agents obtained the cartons and their contents, I was unable to resolve the issues involved without a hearing, which was held on November 27 and 28, 1961.

█ Both defendants Regina, and the wife and daughter of Ferdinand, testified in support of the motion, and Agents Bergholtz, Hamilton and Nealon, of the Federal Bureau of Investigation, in opposition thereto. The Government concedes that it made its search of Frank's automobile and Ferdinand's home without a warrant, but claims that both searches were made with the consent of the respective defendants. The latter contend that in each instance the consent was not voluntary, but was obtained by the use of force, threats and intimidation. Since, as hereinabove stated, the Government relies upon the defendants' consent to establish the legality of its search for and seizure of the cartons in question and their contents, it has the burden of proving that force, threats or duress were not used in obtaining such consent. Judd v. United States, 89 U.S. App.D.C. 64, 190 F.2d 649, 651; Rigby v. United States, 101 U.S.App.D.C. 178, 247 F.2d 584.

█ As I find them, the facts, based on the affidavits submitted herein, and the oral testimony and documentary evidence adduced at the hearing, are, briefly stated, as follows:

For about a week prior to May 21, 1959 agents of the Federal Bureau of Investigation had the defendant Frank Regina under surveillance and at about 8:30 A.M. on that day several of the agents observed him park his automobile in front of No. 2434 East 11th Street, Brooklyn, New York. He entered the premises, later learned to be the home of his brother Ferdinand, a co-defendant, and emerged shortly thereafter carrying several cartons which he placed in the trunk of his automobile, whereupon the agents approached him and identified themselves as Government Agents. After fully informing him of his constitutional rights one of the agents asked him

whether he would object to showing them the packages which he had placed in the trunk. He stated that he had no objection to doing so, and personally opened the trunk, removed the packages, and handed them to one of the agents.

The agents then accompanied him to the rear entrance of Ferdinand's home where Frank knocked on the door, which was opened by Ferdinand's wife, who informed the agents, in answer to a question of one of their number, that Ferdinand was not at home.

Very shortly thereafter Ferdinand appeared on the scene. The agents, after identifying themselves to him, advised him that they were engaged in an investigation. He, too, was fully informed as to his constitutional rights by the agents, who then told him that they had seen Frank emerge from his home carrying several cartons and would like to ascertain whether any similar cartons were stored there. Ferdinand told them that he would permit them to do so, whereupon one of the agents prepared a document, marked Government's Exhibit No. 1 at the hearing, which reads as follows:

Brooklyn, N.Y.
May 20, 1959

F.R.

I Fred Regina freely give consent to Special Agent Joseph S. Nealon of the Federal Bureau of Investigation to conduct a search of my residence. I am aware that I do not have to permit a search without a warrant and that I have a right to council (sic)

Fred Regina
Witness Joseph S. Nealon, S A F B I
NyC 5–21–59
FR
Joel LA. Sharp, S.A., F.B.I.
Nyc 5/21/59.

The agents then entered Ferdinand's home, in a storage room or pantry of which Ferdinand pointed to the cartons in question, which were then removed by the agents.

I am satisfied that none of the agents searched or entered the premises prior to the execution by Ferdinand of the consent. I am satisfied also that access to neither Frank's car trunk nor Ferdinand's home was demanded, but that Frank's oral and Ferdinand's written consent were given freely and unequivocally, and were not induced to any extent by the use of any force, threats or intimidation. It may be added that neither was under arrest when his consent was given.

The defendants Frank and Ferdinand Regina having consented thereto, the search of the former's automobile and the latter's home, and the subsequent seizure of the cartons in question and their contents, did not contravene their constitutional rights.

Accordingly the motions to suppress are denied, without prejudice, however, to their renewal at the trial.

Settle order on notice.