CENTRAL FIBRE PRODUCTS COMPANY, a corporation, appellee and cross-appellant, v. WILLIAM F. LORENZ, JR., et al., defendants; MARCIA SERDINSKY et al., appellants and cross-appellees.

No. 48514.

(Reported in 66 N.W.2d 30)

Sᴇᴘᴛᴇᴍʙᴇʀ 21, 1954.

Rᴇʜᴇᴀʀɪɴɢ Dᴇɴɪᴇᴅ Dᴇᴄᴇᴍʙᴇʀ 17, 1954.

Audley W. Johnson and C. R. Jones, both of Sioux City, for appellants and cross-appellees.

Whicher & Davis, of Sioux City, for appellee and cross-appellant.

WENNERSTRUM, J.—The plaintiff obtained a judgment against William F. Lorenz, Jr., on November 3, 1931. An action was brought by reason thereof prior to the expiration of the limitation period and a judgment was entered in the sum of $5210.60 and costs. Section 614.1(7), 1950 (1954) Code. Chader v. Wilkins, 226 Iowa 417, 422, 284 N.W. 183. The present action is one in equity and is commonly referred to as a "Creditor's bill." Sections 630.16–630.19, 1950 (1954) Code. It was brought by the plaintiff, judgment creditor, against the judgment debtor and certain other defendants. It is alleged that the debtor has property in the possession of certain defendants and it is asked that this property be subjected to the lien of the plaintiff, judgment creditor.

The trial court held two bank accounts in the name of Western Mills, Inc., and Lorenz Grain Company were in fact the property of William F. Lorenz, Jr. However, the court did not impress a lien upon Lorenz's interest in his deceased wife's estate. The children of Genevieve Lorenz, the deceased wife of W. F. Lorenz, Jr., have appealed and the plaintiff has cross-appealed by reason of the fact that no lien was impressed upon the judgment debtor's interest in the estate.

In the present action it is sought to subject a bank deposit in the amount of $904.43 in the Live Stock National Bank of Sioux City in the name of Western Mills, Inc. to plaintiff's judgment. Another deposit in the same bank of $1110.94 and in the name of Lorenz Grain Company also was sought to be subjected to the judgment.

It is the claim of the plaintiff the two deposits are the property of the judgment debtor, William F. Lorenz, Jr. It is further maintained that Lorenz has for some time operated a business under various names, such as William F. Lorenz, W. F. Lorenz, Jr., Western Mills, Western Mills, Inc., and Lorenz Grain Company. It is further asserted that the grain business conducted under these names was nothing more then the individual business of W. F. Lorenz, Jr., and that the use of the various names in

carrying on his business was for the purpose of preventing the collection of numerous judgments against Lorenz, including the one held by this plaintiff.

In 1935 Western Mills, Inc., was incorporated, with its place of business in Sioux City, Iowa. There were four incorporators, including the father of Lorenz, Jr. One share of stock of the value of $10 was issued to W. F. Lorenz, Jr. Annual reports of this corporation were made to the Secretary of the State of Iowa but there were no corporate records which justified the statements made in the reports. Lorenz's wife, Genevieve, at no time, according to the records, owned any share in the corporation. However, she was reasonably active in its affairs. It is further shown that between 1935 and 1952 no annual meeting at a fixed time was held of the stockholders or the board of directors. During this period Lorenz, Jr. acted as manager for the corporation and the grain business. There is no minute book of the corporation and there is no record of any minutes of any meetings of the stockholders or of the board of directors. Lorenz kept the books and was supposed to get $200 salary per month as manager. However, he used a drawing account and in that manner received his salary. The corporation has never paid any dividends.

Western Mills, Inc., opened the bank checking account here involved in the Live Stock National Bank on August 19, 1938. The authorized signatures for the payment of checks drawn on this account were G. Lorenz and W. F. Lorenz, Jr. On December 31, 1945, an account was opened with the previously mentioned bank in the name of Lorenz Grain Company, and, as with the other account, G. Lorenz and W. F. Lorenz were authorized to draw checks against this account. Sometime after this last account was opened there was placed on the bank signature card for this account the following: "W. F. Lorenz, Jr., D/B/A." W. F. Lorenz, Jr. stated that he did not know that this change had been made and did not consent to this addition to the card.

In 1938 W. F. Lorenz, Jr. married a widow by the name of Genevieve Fachman. She had four children by her first husband. In 1940 she purchased a lot in Sioux City, Iowa, with her own funds, paying $1000 for it and then later invested $3500 in a building placed on this property. In it is a combination feed mill

and warehouse and there are living quarters on the second floor. Title to this property was held in her name. On January 1, 1941, Western Mills, Inc. moved into this building and on May 1 of that same year Lorenz and his wife moved into the living quarters. In May 1941 W. F. Lorenz, Jr. gave a bill of sale of all his interest in the business to his wife and in this same month Genevieve Lorenz executed and filed a trade name affidavit in the office of the county recorder under the name of Western Mills and therein stated that she was the sole and only owner thereof. It will be observed that the filing of this affidavit was some six years after the incorporation of Western Mills, Inc. Genevieve Lorenz died intestate on December 26, 1949, and W. F. Lorenz, Jr. was appointed administrator of her estate. Thereafter Lorenz was removed and one Audley W. Johnson was named in his place. It was shown that Lorenz as administrator posted a cash bond of $840 with the clerk of the district court. This cash sum came from the bank account in the name of Western Mills, Inc. This money has been garnished in the hands of the clerk. There were several policies of life insurance on the life of Genevieve Lorenz made payable to her estate. Money from this source was deposited with the clerk of the district court to be held subject to the outcome of this litigation.

During the trial the plaintiff, Central Fibre Products Company, offered W. F. Lorenz, Jr. as its witness "for the sole and only purpose of interrogating him concerning the formation and operation of the defendant Western Mills, Inc." The trial court by reason of the limited nature of his original testimony limited the cross-examination of this witness and an offer of testimony relative to what he would testify was made.

I. The action here under review being in equity is triable de novo but we are justified in giving considerable weight to the trial court's decision. Our review of the record merits our approval of the statements of the trial court which are in part as follows:

"The evidence convincingly establishes that ever since its start and continuing to the present, the feed business in question was the individual business of defendant Lorenz; that the corporation never functioned; that the corporation and the corporate

name were used solely as a thin cloak for the Lorenz individual operations and in fact the corporation never operated as such.

* * *

"The court finds that the deposit of $904.43 in the Live Stock National Bank in the name of Western Mills, Inc., and the deposit of $1110.94 in the name Lorenz Grain Co. in the same bank are the property of the defendant W. F. Lorenz, Jr., and are subject to the judgment of plaintiff under execution levy in this proceeding."

 A corporation is a legal and separate entity which has its proper purpose and use but it cannot and should not be made use of for an intent not within the objective of the organization. And where equity is required to review a situation where the purpose of a corporation is in question it will not be bound by forms, fiction, or technical rules but will seek and determine the true situation. Keokuk Electric Railway and Power Co. v. Weisman, 146 Iowa 679, 688, 126 N.W. 60; 18 C. J. S., Corporations, section 476, page 1144; 13 Am. Jur., Corporations, sections 7, 8, pages 160–163.

As shown by the trial court's decision it held the claimed corporation was used merely as a sham for Lorenz's operations. From this particular order Lorenz has not appealed.

 II. Appellants complain of the trial court's consideration of Lorenz's testimony as a witness for the plaintiff. They maintain inasmuch as plaintiff called him as a witness it is bound by his testimony and vouches for his credibility and truthfulness. This contention is generally true. Tullis v. Tullis, 235 Iowa 428, 431, 432, 16 N.W.2d 623, and citations. However, a court is not bound by the statement made use of by a witness if the testimony gives evidence of being improbable and devoid of credibility. Goeb v. Bush, 226 Iowa 1224, 1227, 286 N.W. 492; Hathaway v. Hanson, 230 Iowa 386, 396, 297 N.W. 824; Uttvits v. Polsley, 230 Iowa 780, 787, 298 N.W. 898. This is the situation in the present case.

 III. Appellants also contend their counsel was unnecessarily limited by the trial court in the cross-examination of Lorenz in connection with his direct examination as a witness for

the plaintiff. Our holdings are numerous that the scope and extent of a cross-examination are largely within the trial court's discretion. Likewise, cross-examination must be limited to matters about which the witness had been examined on direct examination. Hope v. Ted McGrevey, Inc., 241 Iowa 1022, 1025, 44 N.W.2d 369; Pond v. Anderson, 241 Iowa 1038, 1045, 44 N.W.2d 372. We find no error.

IV. Another claimed error is that the trial court refused to receive the testimony offered on behalf of C. R. Jones. Objections were sustained to questions asked him as a witness and then to an offer of testimony made. In this connection it is shown that the offered testimony pertained to Western Mills and not to Western Mills, Inc. The claimed bank account of Western Mills, Inc. is involved in this case and Western Mills is not even a party to the present action. It is of interest to note that the record does not disclose the court ruled on the offer made or sustained any objection to the proffered testimony. There can be no error where there is no showing of a ruling.

V. It is the claim of the plaintiff on its cross-appeal that the trial court should have impressed the lien of plaintiff's judgment upon Lorenz's share of the personalty in the estate of Genevieve Lorenz and on his cash bond filed as administrator with the clerk of the district court. It is also claimed the trial court should have established the judgment lien against the interest of the defendant Lorenz in the real property of his deceased wife and ordered it sold for the purpose of satisfying plaintiff's judgment.

It has been definitely shown by the record that the administrator's cash bond deposited by Lorenz was obtained from the bank account in the name of Western Mills, Inc. Inasmuch as the trial court found the bank account of Western Mills, Inc. was in fact the account of Lorenz and should be subjected to the lien of plaintiff's judgment, it naturally follows that money obtained from this account should also be affected by the same lien. We therefore hold the cash bond deposited by Lorenz to satisfy the requirement of his bond as administrator should be subjected to the lien of the plaintiff's judgment, subject however to any liability that may result from his services as the prior administrator of his wife's estate.

■ VI. It is our conclusion that the trial court should have established the plaintiff's lien against the defendant Lorenz's interest in the real property of his deceased wife. In this state and generally elsewhere, title to a decedent's real estate descends and vests instantly upon the death of the decedent in the heirs, devisees or spouse, subject to the payment of debts and costs of administration. Coomes v. Finegan, 233 Iowa 448, 454, 455, 7 N.W.2d 729, and cases cited. And as stated in this authority last named a prior judgment attaches the instant of the intestate's death.

In oral argument counsel for the children of Genevieve Lorenz did not question that the judgment should be established against the interest of Lorenz in the personal property of the estate and raised no objection to this being done. No objection was made to the contentions of the plaintiff on its cross-appeal. No brief and argument was filed on behalf of the wife's heirs in connection with the cross-appeal. We also hold that the judgment should be established against Lorenz's interest in his deceased wife's real property that is subject to execution. There is a partition action pending involving the interest of Lorenz in the realty. Consequently our holding is restricted to such interest of Lorenz as is subject to execution. Likewise, our holding relative to the real estate shall in no way affect the interest of Lorenz that should be determined in this or some other case.

■ VII. It might be said that because Lorenz gave a bill of sale to his wife in May 1941 and she filed a trade name affidavit the same month it is conclusively shown she was the sole owner of the business from which the various funds were obtained.

As to the claimed bill of sale to Genevieve Lorenz the testimony of W. F. Lorenz is most vague and unsatisfactory. His testimony, as a witness for the plaintiff, concerning this matter was in part as follows:

"Q. Did you make a bill of sale? A. I don't remember whether I did or not, I don't think I did. Q. Didn't you testify in the hearing in this court that you made a bill of sale? A. Well, if I did it has been paid off." Later he testified: "Q. When you say you gave your wife a bill of sale, do you mean that you gave it to her or did the corporation give it to her or what

happened? A. Well, I would have to look that up. Q. What did you own that you could put in a bill of sale to your wife at that time? A. Probably nothing. Q. That is what I am trying to get at. Did you give a bill of sale, I want to know what you mean by you? A. Well, I gave a bill of sale but it was supposed to have been cancelled but I don't think it was ever taken off the records down here. I haven't looked and haven't checked up."

The whole situation indicates the various accounts and business operations were used as a subterfuge for W. F. Lorenz to evade the payment of judgments against him. We cannot approve of such practices. The cause is remanded for the entering of a decree in conformity with this opinion.—Affirmed on appellants' appeal; reversed in part on cross-appellant's appeal and remanded for further proceedings in conformity with this opinion.

All JUSTICES concur.