**Clifford F. HANSEN, Appellant,**

v.

**Anne Lamm HAAGENSEN, Appellee.**

**No. 53988.**

Supreme Court of Iowa.

June 23, 1970.

Rehearing Denied Sept. 2, 1970.

Clifford F. Hansen, pro se.

Thomas C. Lynch, Decorah, for appellee.

LARSON, Justice.

On July 26, 1965, plaintiff Clifford F. Hansen sought a summary judgment for the balance of a claimed attorney fee and for costs against defendant Anne Lamm Haagensen in the District Court of Iowa. This action was based upon a purported default judgment rendered by a Minnesota court on the 26th day of September 1961. The trial court dismissed plaintiff's petition on the ground that this Minnesota judgment was rendered without personam jurisdiction over defendant, and plaintiff appeals. We affirm.

The primary question presented by this appeal is whether personal jurisdiction of this nonresident defendant had been acquired in the proceeding which resulted in the alleged September 1961 judgment sued upon. Perhaps a secondary question, which received considerable attention in the trial court, is whether the Iowa court can determine such a question in view of the judgment rendered by the Minnesota district court.

Although the voluminous record, filed copies, and affidavits do not comply with our appellate rules, we have carefully reviewed all of them and the trial court's decision herein. As we understand the prior proceedings, the plaintiff and his law partner rendered considerable legal services to defendant and her sister in an estate matter. Subsequent to their dismissal plaintiff acquired his partner's claim and brought suit against Mrs. Haagensen and her sister, Mrs. McAndrews, for unpaid attorney fees and advanced costs in the sum of $10,350. This action, aided by an attachment of real property in Minnesota, was commenced on August 21, 1959. Published or substituted service in Minnesota was made on September 9, 1959, and personal service on defendants in Decorah, Iowa, was made on September 21, 1959. No answer or pleadings by defendants were filed, and on December 2, 1959, plaintiff obtained a default judgment against them in the sum of $10,300 with interest and costs. This quasi in rem judgment recited in part, "this Court became vested with jurisdiction to the extent of property so attached and garnished; * * *." The effect of such a judgment is not to impose a personal liability or obligation upon anyone and not to affect the interests of all persons in a thing but to affect the interests of particular persons in a thing. Such a judgment may be rendered where the jurisdiction of the court which renders it is based on the court's power over the thing, although it does not have power over the persons whose interests are affected. Restatement of the Law of Judgments, ch. 1, p. 7.

Subsequent to this judgment defendant filed what was denominated a special appearance and motion to dissolve the judgment as to her because inter alia she had

no property in Minnesota. This motion was heard and considered by the court and the same was denied. Nothing further was done and no appeal was taken from the December 2 judgment quasi in rem.

Although the property attached in the original action was subsequently sold and the proceeds applied upon the judgment, nothing was done in the matter for about 17 months thereafter, too late for further proceedings. (See Minnesota Rules of Civil Procedure, 60.02). A motion was then filed by plaintiff on September 25, 1961, supported by his own affidavit, asking that an order be entered "that on the files and records herein, together with the evidence presented to the Court, that Findings of Fact, Conclusions of Law, and Order for Judgment be duly entered in favor of Plaintiff and against the above-named Defendants for judgment for the amount remaining due and owing upon the damages set forth and demanded in the pleadings of Plaintiff herein; * * *."

On September 26, 1961, the court did render judgment against defendant as prayed for the amount not satisfied by the sale of property attached in the sum of $5,967.80 plus interest from April 11, 1960.

An examination of the record and the September 26 judgment reveals that it purports to render a personal judgment against defendant for that sum, although no new notice was had upon her. The Iowa District Court dismissed this summary action on the basis that no jurisdiction had been obtained of defendant's person and rejected her counterclaim for damages in the sum of $7,000 for the failure to sustain her burden to prove those damages. Plaintiff appealed and defendant did not. We are inclined to agree with the trial court and find in this record nothing to sustain a finding of jurisdiction of her person which would support the decree rendered by the Minnesota court on September 26, 1961, and compel recognition by the courts of Iowa.

I. It is true, as appellant contends, that the Minnesota courts may determine whether an appearance in an action brought in Minnesota is general or special and that such determination under Minnesota rules is binding upon the Iowa courts. Nevertheless, as to the issue of whether jurisdiction of a person was ever obtained in an action or matter purportedly adjudicated by a foreign court, the Iowa courts may review.

The trial court reviewed a number of Minnesota authorities which it believed permitted the filing of special appearances to contest the jurisdiction of the court, citing 1B Dunnell Minnesota Digest, 3rd Edition, § 479, and Vol. 10, § 4967, relating to Minnesota Rules of Civil Procedure, in support of its view that the defendant's special appearances here did not confer jurisdiction of her person in this original action. Be that as it may, we are inclined to the view that due process is not violated by a determination by a state court that under its rules of civil procedure the appearances made prior to final judgment may amount to a general appearance no matter how labeled. Had it appeared here that these defendant special appearances had been made before the December 2 judgment and the court had rendered a personam judgment thereon, we would be inclined to hold that judgment is enforceable in Iowa. However, that does not appear to be the case before us. It appears here that the judgment rendered December 2 was quasi in rem and that no personal jurisdiction had been acquired prior thereto. Defendant's appearances thereafter relate to the prior concluded proceedings and are not to be considered as retroactive to justify a new judgment without proper reopening procedure or the commencement of a new action and due notice to defendant.

It is appellee's contention that, since no personal appearance had been made or recognized in the original action prior to the December 2 judgment, judgment was final

and, when no appeal was taken or reopening asked pursuant to R.C.P. 60.02, concluded the proceedings. She further contends an additional or new notice and pleadings which were prior to her alleged appearances to set aside the quasi in rem judgment were necessary to secure a personal judgment for the alleged deficiency. This not being shown herein, the September 26, 1961, judgment sued upon in Iowa, she claims, was invalid anywhere.

Apparently appellant concedes he had not obtained personal jurisdiction of defendant when the quasi in rem judgment was obtained on December 2, 1959, that he did not seek to reopen the matter for over 17 months, and that he commenced no new action or served no new notice on her thereafter. It may well be that, had the December 2 default judgment been set aside, the defendant's attempted special appearance under Minnesota rules, especially 5.01, would have constituted a general appearance and plaintiff could then have proceeded to obtain a new judgment which would have been recognized as one in both quasi in rem and personam. But this he did not do. Unless we consider defendant's appearance subsequent to the final quasi in rem judgment retroactive along with a plaintiff timely request to modify the judgment, to acquire personal jurisdiction of defendant would have required a new proceeding and notice to her.

We know of no rules and none were called to our attention which would permit a subsequent appearance of this kind to be considered retroactive, or allow a personam judgment for the amount of the quasi in rem judgment unsatisfied by the sale of property attached and levied upon, without a reopening and due notice thereof.

■ II. The requirement of full faith and credit in the Constitution relied upon here is to be read and interpreted in the light of well-established principles of justice, protected by other constitutional provisions which it was never intended to modify or overrule. 47 Am.Jur.2d, Judgments, § 1221, p. 227. It has often been held that under that rule no state may obtain in the tribunals of another jurisdiction full faith and credit for a judgment which has been rendered in a proceeding wanting in due process of law enjoined by fundamental law. Due process requires that no other jurisdiction shall give effect, even as a matter of comity, to a judgment elsewhere acquired without due process.

In 47 Am.Jur.2d, Judgments, § 1222, it is also stated:

"Due notice of the institution or pendency of an action, or an appearance which presupposes notice, is an indispensable prerequisite to the rendition of any judgment which the courts of another state are, under the Constitution and laws of the United States, bound to recognize. * * * As a condition to recognition of a judgment rendered by a court of a foreign country, it is also required that the judgment shall have been rendered under a system of law reasonably assuring notice and a hearing."

■ III. Of course, the burden is upon one contending there was no proper notice upon which the purported judgment was rendered in a foreign jurisdiction. Hetherington v. Roe, 239 Iowa 1354, 1355, 1359, 35 N.W.2d 14, 17. Therein we said: "The full faith and credit clause of the constitution is binding upon courts of sister states, but jurisdiction may be inquired into. Defendant argues that a judgment without jurisdiction of the person or the subject matter is not entitled to recognition or enforcement in another state, or to the full faith and credit provided for in the federal constitution. We may assume this statement of the law to be correct", citing Sullivan v. Kenney, 148 Iowa 361, 376, 126 N.W. 349.

In Hetherington, as here, the contention was made that when the judgment in question was rendered there was no action pending in the district court. There the controversy was as to the finality of a stipulation of dismissal of a pending proceeding, and the court held such dismissal was not

effective prior to the transfer of the case to the district court which rendered the judgment attacked.

■ In the case at bar there is no question but what the judgment rendered on December 2, 1959, was only quasi in rem and that it was a final disposition of the litigation then pending before the court in Minnesota. Nothing changed that determination, according to the record before us. Therefore, to obtain a personal judgment against the defendant for the amount of the judgment previously rendered which was not satisfied by the sale of attached property, we hold it was necessary at that late date to commence a new action and serve a new notice upon defendant under the due process requirement applicable in both Minnesota and Iowa, and that plaintiff's attempt to continue the already-determined litigation by motion without reopening proceedings and without due notice to defendant of his claim for personal judgment, cannot be recognized as a valid basis for the judgment sued on in this proceeding. To determine otherwise would surely violate the rule that this judgment must be rendered under a system reasonably assuming notice and hearing.

■ IV. Our examination of Minnesota law reveals that a judgment rendered in its court is final and conclusive until set aside or reversed. Even an appeal does not vacate or annul the judgment and the matter determined remains res judicata until it is modified or reversed. Simonds v. Norwich Union Indemnity Co., 8 Cir., 73 F.2d 412, certiorari denied.

In any event, it is plain here that a new judgment in personam purporting to cut off all available defenses could not be rendered on any theory of the State's power over defendant without some form of notice, which was not given subsequent to the in rem judgment. Griffin v. Griffin, 327 U.S. 220, 228, 66 S.Ct. 556, 560, 90 L.Ed. 635, 640; Wuchter v. Pizzutti, 276 U.S. 13, 18–20, 48 S.Ct. 259, 260, 261, 72 L.Ed. 446, 449, 450; Restatement of Conflict of Laws,

§ 75. In Griffin, it is stated: "A judgment obtained in violation of procedural due process is not entitled to full faith and credit when sued upon in another jurisdiction." National Exchange Bank of Tiffin v. Wiley, 195 U.S. 257, 25 S.Ct. 70, 49 L.Ed. 184; Restatement of Judgments, § 11, Comment c.

V. The trial court's conclusion that the record herein discloses that the alleged judgment of September 26, 1961, sued upon in Iowa, was acquired without due process and could not be recognized in our courts, was correct and, there being no cross-appeal by defendant, the decision below must be affirmed.

Affirmed.

All Justices concur.