**STATE of Iowa, Appellee,**

v.

**Norman SMITH, Appellant.**

**No. 53801.**

Supreme Court of Iowa.

June 23, 1970.

Gene L. Needles, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., Michael J. Laughlin, Asst. Atty. Gen., James Hughes, Asst. Atty. Gen., and Raymond A. Fenton, Des Moines, County Atty., for appellee.

REES, Justice.

The defendant was charged by grand jury indictment with the crime of breaking and entering as defined in § 708.8 of the 1966 Code. He is alleged to have broken and entered Babe's Restaurant in Des Moines with intent to commit a public offense. In advance of trial the defendant moved to suppress evidence found in his hotel room, part of which was seized pursuant to a warrantless search and part of which was subsequently seized pursuant to a search warrant. Timely objections to the introduction of the fruits of the search into evidence were made during course of trial. The motion to suppress and the objections to the introduction of the evidence were overruled. Defendant was found guilty and sentenced, and now appeals from the order overruling his motion to suppress in advance of trial, rulings on objections to the introduction of the evidence and overruling his motion for a new trial. We reverse.

The principal issue before us is whether evidence seized in a warrantless search of defendant's hotel room should be suppressed as having been seized in violation of Amendment 4 of the United States Constitution. A police detective, one Officer Nelson, was investigating a breaking and entering of the restaurant at which the defendant had been employed. The breaking and entering was alleged to have occurred on or prior to March 24, 1969. On the morning of March 25, at about 10 a. m., Officer Nelson went to the hotel in which the defendant was living and after inquiring as to the location of the defendant's room, went to the door of the room and knocked thereon, but was unable to get any response. He could hear heavy breathing and snoring in the room. He then went to the desk clerk who, using a passkey, unlocked the door of the defendant's room. The officer looked into the room and observed the defendant in the bed but decided not to disturb him and left the hotel. Later, about 2 p. m. the same day, the officer returned to the hotel without a search warrant or a warrant for the arrest of the defendant and again knocked on the defendant's door. He could hear someone snoring in the room, but was unable to get any response to his knock. He proceeded to again have the employee of the hotel unlock the defendant's door, and then entered the room. He called out the defendant's name and succeeded in arousing him. He then produced his identification badge and told the defendant he was a detective and wished to talk to him with reference to a breaking and entering at the restaurant. The defendant continued lying on the bed and the detective seated himself in a chair. During the conversation the detective on looking around the room, observed a cigarbox half full of change, two green canvas bags on the refrigerator, and three small paper bag envelopes marked "Bankers Trust". In a partially opened dresser drawer he observed rolls of coins. The detective testified he then advised the defendant of his constitutional rights, advised him of his right to remain silent, and any statement he made could be used against him, further he had a right to have an attorney present while being interviewed and if he could not afford an attorney one would be appointed for him. He thereupon placed the defendant under arrest, and took him to jail, taking with him the items he had observed in the room. The following morning the detective secured a search warrant, went back to the defendant's room, made a complete search and found a white canvas bag, two Bankers Trust envelopes, and a bottle of perfume, all of which he took into his possession. The officer testified on his first gaining entry to the room during the morning of March 25 he merely stepped inside the door and made no observations other than to determine the defendant was in the room. At the hearing on the motion to suppress the officer testified he had requested of the defendant permission to look around his room and the defendant gave him permission to do so. This was categorically denied by the defendant.

In support of his contention the trial court erred in overruling the motion to suppress in advance of trial, the defendant argues the right of privacy guaranteed him by Amendment Four of the United States Constitution is enforceable in the courts in the several states, specifically the State of Iowa, under the due process clause of Amendment 14. He argues because of the manner in which the officer gained entry into his room the officer was a trespasser, making the evidence seized inadmissible. The defendant further asserts a guest in a hotel room is entitled to full constitutional rights, especially those rights relating to searches and seizures.

· The State argues that absent any express orders to the contrary there is no rule which makes it illegal per se, or a condemned invasion of the right of privacy, for a police officer to openly and peaceably knock on the door of any man's "castle" with the intent only of asking questions of the occupant of the room or dwelling. State further contends the validity of a search and seizure must be decided on the basis of the facts and circumstances of each case, and insists objects in plain view of the officer who has a right to be in a position to openly observe them are subject to siezure and may be admitted into evidence although there is no search warrant authorizing such a search or seizure.

█ I. We recognize all evidence seized in violation of the United States Constitution is inadmissible in state courts because the Fourth Amendment right of privacy is enforceable against the State under the due process clause. Mapp v. Ohio, 367 U.S. 643, 654–655, 81 S.Ct. 1684, 1691, 6 L.Ed.2d 1081, 84 A.L.R.2d 933. Where a police officer without an arrest or search warrant enters a hotel room with the consent or aid of a hotel employee but without the consent or knowledge of the occupant of the room, a search of the room is unlawful and items seized after such illegal entry are inadmissible in evidence.

Stoner v. California, 376 U.S. 483, 490, 84 S.Ct. 889, 893, 11 L.Ed.2d 856; United States v. Jeffers, 342 U.S. 48, 51–52, 72 S.Ct. 889, 893, 11 L.Ed.2d 856; United States, 338 U.S. 74, 69 S.Ct. 1372, 93 L.Ed. 1819. The consent of a hotel clerk, manager, or other hotel employee cannot provide the necessary consent for a warrantless search of a defendant's hotel room while he retains possession thereof. Stoner v. California, supra, 376 U.S. at 488, 84 S.Ct. at 892. This concept follows a rationale that the constitutional right involved is not the right of the hotel but that of the defendant and only he can knowledgeably and effectively waive it. Stoner v. California, supra, 376 U.S. at 489, 84 S.Ct. at 893; See United States v. Jeffers, 342 U.S. 48, 72 S.Ct. 93, 96 L.Ed. 59.

A warrantless search of a tenant's room, although consented to by a landlord who had been given some authority by the tenant to enter the room, is illegal and violative of tenant's Fourth Amendment constitutional rights. Chapman v. United States, 365 U.S. 610, 616–617, 81 S.Ct. 776, 779–780, 5 L.Ed.2d 828; State v. Hagen, 258 Iowa 196, 205, 137 N.W.2d 895, 900; Klee v. United States, 9 Cir., 53 F.2d 58, 61–62.

█ We recognize in a situation where police officers are lawfully admitted to private premises they can seize what is in plain view, and not be subject to the charge that such actions were searches without warrant. This presupposes of course the entry or admittance is lawful. State v. Brant, 260 Iowa 758, 763, 150 N.W.2d 621, 625; State v. Peterson, 261 Iowa 669, 674, 155 N.W.2d 412, 415. This rule applies only on the condition the officers are *lawfully* admitted to the private premises and focuses the issue in this case. We must determine whether the entry by the officer to the hotel room of the defendant, secured by way of the hotel clerk's unlocking the door, was a lawful entry.

█ II. The officer in this case did not have an arrest warrant or search war-

rant on his visit to the room of the defendant during the morning of March 25, nor during his subsequent visit during the afternoon of the same day. The factual situation here differs little from the facts in Stoner v. California, supra. In Stoner police officers went to a hotel without an arrest or search warrant and gained entrance to the defendant's room with the aid and the consent of the hotel clerk. The defendant was not then present, and had no knowledge of the search nor had he consented to it in any way. In the situation before us the defendant was in the room at the time entry was gained. He was sound asleep, and was recovering from an extended drinking bout. He had not been aroused by the loud knocking on his door during either visit to the room by the police officer, and woke only when the officer shouted his name. Since the search was without a warrant and was effected by means of an entry into the defendant's room which was obviously illegal, the evidence seized in the defendant's hotel room should have been suppressed by the trial court.

■ The State argues however that because the police officer testified he went to the defendant's room with the sole intent of asking him why he had not been at work on the previous day, this would justify the officer's entry into the locked room in the manner in which he secured admittance to it and placed him in the premises lawfully. The validity of a warrantless search not consented to by the party whose constitutional rights are involved cannot be justified simply by the police officer's testimony he had no initial intent to arrest the defendant or to search his room. We cannot conclude such encroachment on the right of privacy guaranteed by Amendment Four of the United States Constitution would justify a warrantless search. We find no merit in the State's position here. The State further contends the defendant when he was finally awakened by the officer consented to the search of his room. We hold the entry into the room was illegal and the evidence seized was therefore rendered inadmissible.

■ Where an attempt is made to justify a search and seizure on the basis of consent, the prosecution has the burden of proving by clear and convincing evidence the consent was voluntary and free from duress. State v. Shephard, 255 Iowa 1218, 1222, 124 N.W.2d 712, 715; Rigby v. United States, 101 U.S.App.D.C. 178, 247 F.2d 584, 585. The consent to the search must be an intentional waiver of a known right and not merely a submission to authority. Bumper v. North Carolina, 391 U.S. 543, 548–549, 88 S.Ct. 788, 792, 20 L.Ed.2d 797.

■ III. We do not hold valid consent to search may not be given. We observe the record establishes the defendant had been intoxicated for three days prior to the initial search involved here. The record definitely establishes when the officer first entered the room the defendant was sleeping soundly, loud and repeated knocks on his door had not aroused him, and he was aroused only by the police officer's calling his name. The alleged consent to search came after the defendant was awakened by the officer shouting in his ear. In any event, the purported consent to search came after the officer had gained entrance to the defendant's hotel room unlawfully, and had observed the fruits of the search before the consent was sought or given.

We hold the entry of the police officer into the defendant's hotel room without defendant's consent and without a search warrant or warrant for the arrest of the defendant was illegal and rendered any evidence seized, including any evidence seized pursuant to the belated search warrant, inadmissible at the trial. State v. Hagen, supra. The defendant's motion to suppress should have been sustained by the trial court. This case is accordingly reversed and remanded.

Reversed and remanded.

All Justices concur.