HANSEN, Respondent, v. McANDREWS, Appellant.[*]

*No. 243. Argued December 1, 1970.—Decided February 2, 1971.*
(Also reported in 183 N. W. 2d 1.)

---

[*] Motion for rehearing denied, with costs, on March 30, 1971.

626

For the appellant there was a brief by *Steele, Smyth, Klos & Flynn* and *Richard W. Schroeder,* all of La Crosse, and oral argument by *Mr. Schroeder.*

For the respondent there was a brief by *Clifford F. Hansen* of Minneapolis, Minnesota, *pro se,* attorney, and *Victor Tronsdal* of Eau Claire of counsel, and oral argument by *Mr. Hansen.*

WILKIE, J. Two issues are raised on this appeal, both of which must be disposed of in considering the basic question of whether the trial court erred in granting summary judgment to the plaintiff-respondent.

1. Does the full faith and credit provision of the United States Constitution, art. IV, sec. 1, preclude impeach-

ment of a Minnesota judgment for want of personal jurisdiction in the Minnesota court rendering it?

2. Did the Minnesota court obtain personal jurisdiction over this appellant?

### Impeachment of Minnesota judgment.

The defect alleged in the judgment here involved is that of jurisdiction. This is obviously a legitimate matter of inquiry whenever the enforcement of a foreign judgment is sought.[1] Indeed, this court has stated that this is the first matter to be inquired into.[2] It is well settled that without proper service of process no full faith and credit need be accorded a foreign judgment; in fact, the requirements of due process militate against according such,[3] and the judgment may then be collaterally attacked.[4] Of course, if the jurisdictional issue is fully litigated in the foreign court and is not subject to collateral attack in that state, then the forum court is bound by the judgment rendered as to jurisdiction as well.[5] These general propositions apply to actions in rem and quasi in rem as well as personal judgments, provided due process has been complied with.[6]

[1] *Durfee v. Duke* (1963), 375 U. S. 106, 84 Sup. Ct. 242, 11 L. Ed. 2d 186; *Milliken v. Meyer* (1940), 311 U. S. 457, 61 Sup. Ct. 339, 85 L. Ed. 278. *See also:* 47 Am. Jur. 2d, *Judgments,* p. 249, sec. 1254; 50 C. J. S., *Judgments,* p. 497, sec. 893.

[2] *State ex rel. Kern v. Kern* (1962), 17 Wis. 2d 268, 116 N. W. 2d 337.

[3] Restatement, *Judgments,* p. 36, sec. 6; 47 Am. Jur. 2d, *Judgments,* p. 254, sec. 1258.

[4] Restatement, *Judgments,* p. 65, sec. 11.

[5] *Durfee v. Duke, supra,* footnote 1. Exceptions to this rule are contemplated, however, as the court noted in *Durfee,* at page 114, note 12, citing Restatement, *Conflict of Laws,* sec. 451 (2), (Supp. 1948), and Restatement, *Judgments,* sec. 10 (1942). And Restatement, *Judgments,* ch. 5, contemplates "Equitable Relief" for various reasons. Sec. 117 contemplates the granting of equitable relief from a void judgment which "appears or purports to be valid."

[6] *Durfee v. Duke, supra,* footnote 1.

There is no reason apparent here why this court may not inquire into jurisdiction in the instant case. If mere recital of jurisdiction or jurisdictional facts is not sufficient to bar such inquiry, it is entirely proper to make such inquiry.

Respondent seeks to enforce the judgment of September 26, 1961, which apparently determined the personal liability of appellant, not the quasi in rem judgment of December 2, 1959. There is no evidence that appellant ever received notice of any proceedings after the former judgment was entered; this violates due process requirements.

Respondent recited in his complaint in the Wisconsin trial court that due process was complied with in the proceedings commenced in "August, 1959." But in his affidavit supporting his motion for summary judgment, respondent does not state that appellant received any notice of the proceedings subsequent to the judgment of December 2, 1959.

Hence, it appears that the Minnesota judgment of September 26, 1961, was not entered after providing appellant with due process and that respondent did not make out a prima facie case warranting summary judgment.[7]

Respondent contends, however, that the Minnesota court acquired in personam jurisdiction over the appellant when she appeared "specially" to challenge the jurisdiction of the court in the quasi in rem action of 1959. This brings us to the second issue.

*The Minnesota court did not obtain personal jurisdiction over the appellant.*

That a person does not submit his person to the jurisdiction of the court by his special appearance is well

---

[7] See *American Mut. Liability Ins. Co. v. St. Paul Fire & Marine Ins. Co.* (1970), 48 Wis. 2d 305, 179 N. W. 2d 864 (and cases cited therein).

settled,[8] although the extent to which the party may proceed and still remain within the confines of a special appearance varies, and is governed by the law of the particular state in which the special appearance is made.[9]

Minnesota no longer recognizes the distinction between the special appearance and the general appearance. This is conceded by the parties here. Respondent goes further, however, and contends that *any* appearance is therefore a general appearance, the court acquiring personal jurisdiction thereby. This position is not supported.

Rule 5.01 of the Minnesota Rules of Civil Procedure, in force at the time of the initial proceeding here involved, does not so state. Respondent cites the concluding sentence of the rule as authority:

"A party appears when he serves or files any paper in the proceeding."

However, this defines "appearance;" it does not deal with the effect of a particular manner of appearing, nor does it imply that all appearances subject one to the in personam jurisdiction of the court.

Rule 4.04, now in force however, deals specifically with the question. It provides that service of summons by publication is proper in quasi in rem actions, noting:

"When quasi in rem jurisdiction has been obtained, a party *defending* such action *thereby* submits personally to the jurisdiction of the court. *An appearance solely to contest the validity of such quasi in rem jurisdiction is not such a submission.*" (Emphasis added.) [10]

The advisory committee note [11] indicates that even though special appearances were abolished in Minnesota, *limited* appearances by which a defendant in a quasi in

[8] 5 Am. Jur. 2d, *Appearance,* p. 480, sec. 2.

[9] *Id.* at p. 479, sec. 1.

[10] Minnesota Rules of Court 1970, p. 103, Rule 4.04. This language was the result of a *1968* amendment.

[11] *Id.* at pages 104, 105.

rem action could defend to the extent of the property involved, without submitting personally to the jurisdiction of the court, were probably allowed. The purpose of the amendment quoted above was to abolish limited appearances, but it also recognizes the right of a defendant to challenge the jurisdiction of the court without submitting personally to its jurisdiction. Hence, in 1959, appellant could probably have defended on respondent's claim to the extent of the property attached without submitting to the personal jurisdiction of the court. To appear merely to challenge the jurisdiction of the court in the quasi in rem action would be even less; hence she could not be said to have appeared generally.

Further, while special appearances *as such* were abolished by statute in 1952,[12] the *substance* of the proceeding was not. This merely made the special appearance *as such* unnecessary.[13] Provision for challenging the jurisdiction of the court without submitting personally was made in Rule 12.02 of the Minnesota Rules of Civil Procedure, permitting a defendant to raise the jurisdictional issue either in his responsive pleading or by motion. (This rule is essentially the same as Rule 12 of the Federal Rules of Civil Procedure.)

After 1952, even though the method for doing so was no longer the "special appearance" procedure, the Minnesota courts recognized that a party might appear solely to challenge the jurisdiction of the court, without such appearance being general.

For example:

"In Carr-Cullen Co. v. Cooper, 144 Minn. 380, 384, 175 N. W. 696, 698, this court said that:

" '. . . If a party so far appears as to call into action the powers of the court for any purpose *except to decide upon its own jurisdiction*, it is a full appearance. *He appears generally when he takes or consents to any step*

---

[12] *Id.*

[13] 1B, Dunnell Minnesota Digest (3d ed.), p. 408, sec. 481.

*in a case which assumes that jurisdiction exists . . . .'"*
(Emphasis added.) [14]

The Minnesota court also quoted with approval from
1 Dunnell Minnesota Digest (3d ed.), sec. 475, *et seq.,* to
the same effect,[15] including the following:

" '. . . In determining whether an appearance is general or special, *the purposes for which it was made should be considered rather than what the party has labeled it.'"* [16] (Emphasis added.)

Here, there is little question that appellant's appearance in connection with the 1959 action was only to contest the jurisdiction of the court. While she labeled it a "special appearance," and not a motion, the nature of the plea depends entirely upon its contents, not its label. The pleading clearly stated:

"[The defendants] . . . hereby appear specially for the sole purpose of attacking the jurisdiction of the court, . . ."

This language appeared again in the "amendment" filed on December 8, 1959 (the original "special appearance" was filed on November 17, 1959). There is no matter of defense in either of the documents (although this would be allowed under Rule 12.02). The court which eventually decided the issue nearly two years later, treated the papers as a *motion* in its nunc pro tunc order.

In addition, the challenge must be viewed in light of the particular action: quasi in rem. The challenge was to the quasi in rem jurisdiction of the court. Respondent's contention that this was a challenge to the power of the court and that appellant thereby submitted personally is clearly unsupportable in light of the specific language of the documents. And, as noted above, a chal-

[14] *State, by Lord, v. Rust* (1959), 256 Minn. 246, 257, 98 N. W. 2d 271.

[15] *Id.*

[16] *Id. See also: Cummiskey v. Cummiskey* (1961), 259 Minn. 427, 107 N. W. 2d 864.

▇▇▇▇▇▇▇▇▇▇▇▇▇▇

lenge to the quasi in rem jurisdiction of the court does not constitute personal submission.

Further, although a hearing was held on the matter on December 30, 1959, no determination of the issue was actually made before entry of the December 2d judgment on January 7, 1960.[17] In fact, this issue was not determined until September 22, 1961 (four days prior to the judgment which respondent here seeks to enforce), when respondent secured a *nunc pro tunc* order dismissing "the motion." And in this order the court recited "the motions" of appellant's special appearance document verbatim. There is nothing therein indicating that the appellant had personally submitted to the jurisdiction of the court, or that she attempted to defend on the merits. In fact the judgment of December 2, 1959 (entered January 7, 1960), was a default judgment; the judgment of September 26, 1961, appears to be also a default judgment.

It is the opinion accompanying the judgment of September 26, 1961 (here involved), that apparently determined the court had secured personal jurisdiction by her "special appearance." The order awarded a *personal* judgment against appellant in the amount of $5,967.80 plus interest (the balance after crediting the amount earlier resulting from the earlier attachment).

This appears to be an erroneous application of Minnesota law. While it may be true that errors of law committed by the foreign court are not to be considered in determining the enforceability of its judgment, this assumes that due process requirements have been met.[18] Here there is nothing in the record to indicate appellant ever received notice of any of the proceedings after those of 1959–1960. Since appellant was not afforded an op-

---

[17] Minnesota law states that judgment is not effective until enrolled by the clerk. Minnesota Rules of Court 1970, *Rules of Civil Procedure*, p. 490, Rule 58.01. The law was similar in 1959.

[18] *Durfee v. Duke, supra,* footnote 1. *But see,* Restatement, *Judgments,* p. 579, sec. 120.

portunity to be heard on the issue, due process requirements were not met, and the Wisconsin courts need not afford this judgment full faith and credit.

We note a recent Iowa decision dealing with this very matter.[19] Respondent attempted to enforce this same judgment against appellant's sister, a resident of Iowa. The Iowa trial court refused to afford the judgment full faith and credit on the due process basis noted above, indicating also that Minnesota law permitted special appearances in substance, as outlined above.

On appeal, the Iowa Supreme Court rejected this view, stating that it felt due process was not violated by a state court's determination that the appearance made prior to final judgment constituted a general appearance under its rules of civil procedure.[20] It stated, however:

". . . It appears here that the judgment rendered December 2 [1959] was quasi in rem and that no personal jurisdiction had been acquired prior thereto. Defendant's appearances thereafter relate to the prior concluded proceedings and are not to be considered as retroactive to justify a new judgment without proper reopening procedure or the commencement of a new action and *due notice to defendant.*"[21] (Emphasis added.)

The court concluded:

"In the case at bar there is no question but what the judgment rendered on December 2, 1959, was only quasi in rem and that it was a final disposition of the litigation then pending before the court in Minnesota. Nothing

[19] *Hansen v. Haagensen* (1970 Iowa), 178 N. W. 2d 325.

[20] *Id.* at 178 N. W. 2d 327.

[21] *Id.* The Iowa court's view of when the proceedings were concluded does not appear to coincide with the Minnesota rule that the judgment does not become effective until entered by the clerk, *supra,* footnote 17. Also, it does not deal with the *nunc pro tunc* determination of September 21, 1961, *supra.* However, if one views this order as denying the "motions" set out in the special appearance documents as dealing only with the matter set out therein, then the order did not determine that the court had ever acquired personal jurisdiction. (*See* discussion, *supra.*)

changed that determination, according to the record before us. Therefore, to obtain a personal judgment against the defendant for the amount of the judgment previously rendered which was not satisfied by the sale of the attached property, we hold it was necessary at that late date to commence a new action and serve a new notice upon defendant under the due process requirement applicable in both Minnesota and Iowa, and that plaintiff's attempt to continue the already-determined litigation by motion without reopening proceedings and without due notice to defendant of his claim for *personal* judgment, cannot be recognized as a valid basis for the judgment sued on in this proceeding. To determine otherwise would surely violate the rule that this judgment must be rendered under a system reasonably assuming notice and hearing." [22] (Emphasis added.)

### *Propriety of summary judgment.*

The circuit court granted respondent summary judgment based on the Minnesota judgment of September 26, 1961. From the record to be considered in conjunction with respondent's motion for summary judgment it appears that appellant was denied due process and that the Minnesota judgment was void, and of no binding effect on the Wisconsin courts. Summary judgment should have been denied here where there was at least one very material issue of fact: Whether appellant was afforded due process in the proceedings leading to the judgment of September 26, 1961, which respondent here sought to be enforced. If such notice and opportunity to be heard was afforded appellant, respondent should have no difficulty in proving it.

*By the Court.*—Judgment reversed.

---

[22] *Id.* at 178 N. W. 2d 329.