**TRI–STATE REFINING AND INVESTMENT COMPANY, INC., Appellee,**

v.

**Lorentz OPDAHL, Sioux Enterprises–Lorentz Opdahl, Appaloosa Company, a/k/a the Appaloosa Company, Appellants.**

No. 89–1963.

Court of Appeals of Iowa.

Dec. 31, 1991.

Lorentz Opdahl, pro se.

Randall A. Roos, Sioux Center, for appellee.

Considered by DONIELSON, P.J., and SACKETT and HABHAB, JJ.

HABHAB, Judge.

Plaintiff Tri–State Refining and Investment Company, Inc. (Tri–State) brought this suit seeking to enforce a South Dakota judgment against Lorentz Opdahl. Tri–State claimed Appaloosa Company was an alter ego of Opdahl and that farmland held by Appaloosa could be executed upon. The Iowa district court granted summary judgment for Tri–State. Opdahl now appeals. We affirm.

Opdahl is a resident of South Dakota. In 1978 Opdahl placed his property into three trusts. The first trust was Sioux Enterprises, and this consisted of a fertilizer business. The second was a refining business, which was known as Tri–State Refining Company. The third trust was Appaloosa Company, and this contained farmland in South Dakota and in Iowa. Opdahl was named as a trustee for each trust and he still maintained control of the property.

Robert Hoff was married to the daughter of Lorentz Opdahl. Hoff managed Opdahl's silver refining business. In 1980 Opdahl and Hoff negotiated the sale of Tri–State to Hoff. Some of Tri–State's assets were on land it leased from Appaloosa. Later in 1980 Hoff's relationship with both Opdahl and Opdahl's daughter deteriorated. However, by that time Hoff was the sole owner of Tri–State. Hoff incorporated Tri–State as Tri–State Refining and Investment Company, Inc.

Tri–State brought suit in South Dakota against Opdahl and Appaloosa in 1984, claiming Opdahl had misappropriated silver from Tri–State and that he had interfered with Tri–State's lease with Appaloosa. The South Dakota district court found the various trust entities had always acceded to the various activities of Opdahl and, in effect, Opdahl had controlled all of the trust assets. Tri–State prevailed in its claims of fraud and breach of the lease, and it was awarded damages against the defendants.

Tri–State then filed the present suit in Iowa on November 9, 1987, seeking to domesticate its foreign judgment. In Count I Tri–State sought to execute against farmland held by Appaloosa in Sioux County, Iowa. Count II involves property owned by Sioux Enterprises, and Count III involves property owned by A & N Farms, in which Opdahl is a limited partner. The present appeal involves only Count I.

In February 1988 the South Dakota district court determined that because there had been no service of the judgment against Appaloosa or Sioux Enterprises, the judgment was void against them. The court ordered that Tri–State could proceed to enforce its judgment only against Opdahl individually.

The original South Dakota judgment was appealed in the meantime. The South Dakota Supreme Court affirmed, but remanded for recalculation of damages. *Tri–State Refining and Investment Co., Inc. v. Apaloosa Co.*, 431 N.W.2d 311, 317 (S.D.1988) (*Tri–State I*). In January 1989, on remand, the South Dakota district court awarded Tri–State damages of $468,006.58 against all defendants, and $5,500 against Opdahl individually for sanctions. The amended judgment was affirmed in *Tri–State Refining and Investment Co., Inc. v. Apaloosa Co.*, 452 N.W.2d 104, 111 (S.D.1990) (*Tri–State II*).

In Tri–State's action to execute against certain South Dakota property held by Appaloosa, Tri–State was awarded a partial summary judgment on October 12, 1989,

based on the South Dakota district court's finding that Opdahl's transfer of the property to Appaloosa was solely for the purpose of defrauding creditors. The court concluded the property was subject to execution, levy, and attachment by any creditor of Opdahl as allowed by law.

After the South Dakota summary judgment, the Iowa court considered a similar motion for partial summary judgment. On November 21, 1989, the Iowa district court granted the motion. The court found Appaloosa was an invalid trust because no enforceable duties were given to the trustees. The court concluded Appaloosa was the alter ego of Opdahl, and property held by Appaloosa was subject to execution, levy, and attachment by Opdahl's creditors.

Appaloosa and Sioux Enterprises, represented by Opdahl, pro se, appealed.

■■■ I. This is an action, brought pursuant to Iowa Code section 630.16, to subject a judgment debtor's property to the judgment. Such suits are in equity, and our review is de novo. *Central Fibre Products Co. v. Lorenz*, 66 N.W.2d 30, 33, 246 Iowa 384, 388 (1954). On an appeal from a judgment in equity, we are not bound by the district court's findings. *Graham v. Henry*, 456 N.W.2d 364, 365 (Iowa 1990). The trial court's assessment of the credibility of the witnesses, however, carries considerable weight. *Id.*

■■■ II. Opdahl raises some claims which he denotes as jurisdictional. A judgment without jurisdiction of the person or the subject matter is not entitled to recognition or enforcement in another state, or to the full faith and credit provided for in the federal constitution. *Hansen v. Haagensen*, 178 N.W.2d 325, 328 (Iowa 1970). Thus, over actions which have been adjudicated by a foreign court, Iowa courts may still review the question of jurisdiction. *Id.* at 327.

Opdahl's claims do not truly question the jurisdiction of the South Dakota courts or the Iowa district court. He does not claim any lack of personal jurisdiction or jurisdiction of the subject matter. Instead, he questions Tri–State's ability to bring this action.

■■■ III. Opdahl first raises the question of whether Tri–State may bring an action in Iowa when it is not a registered corporation in this state. Iowa Code section 490.1502(1) provides, "A foreign corporation transacting business in this state without a certificate of authority shall not maintain a proceeding in any court in this state until it obtains a certificate of authority."

However, a suit on a judgment arising out of litigation in a foreign state is not the same as a suit arising out of the transaction of business in this state, and does not require a certificate of authority. *American Title Insurance Co. v. Stoller Fisheries, Inc.*, 227 N.W.2d 481, 484 (Iowa 1975). Tri–State may bring the present suit to enforce its judgment in Iowa.

■■■ IV. Opdahl also questions whether Tri–State has standing to raise the invalidity of the trust agreements when it was not a party to the trust agreement. He believes the trust agreement is a contract between himself and Appaloosa, and only these two parties may raise the question of the transactions' validity.

■■■ Opdahl's contention here is without merit. In actions involving invalid trusts (*Ponzelino v. Ponzelino*, 238 Iowa 201, 207, 26 N.W.2d 330, 333 (1947)), fraudulent conveyances (*Graham v. Henry*, 456 N.W.2d 364, 365 (Iowa 1990)), and piercing the corporate veil (*Adam v. Mt. Pleasant Bank & Trust Co.*, 355 N.W.2d 868, 872 (Iowa 1984)), a plaintiff may look beyond a sham transaction or entity to find a judgment debtor's assets. Equity is not bound by forms, fiction, or technical rules but will seek and determine the true situation. *Central Fibre Products Co. v. Lorenz*, 246 Iowa 384, 389, 66 N.W.2d 30, 33 (1954).

■■■ V. Opdahl raises several issues contesting the court's finding that Appaloosa was an invalid trust. He claims the trust agreement setting up Appaloosa is valid. He states that Appaloosa owns the farmland Tri–State sought to levy upon, and that he does not have an ownership

interest in the property. Opdahl exchanged his property for trust certificates in Appaloosa. He then gave these certificates to his children. Opdahl has not been a trustee of Appaloosa at all times, but he is the operating manager. Opdahl disputes that these issues were fully litigated in South Dakota.

■ We first note the full faith and credit clause of the United States Constitution is binding upon courts of sister states. *Hansen v. Haagensen,* 178 N.W.2d 325, 328 (Iowa 1970). The full faith and credit clause renders the doctrines of res judicata and collateral estoppel compulsory as between the states. *National Equipment Rental, Ltd. v. Estherville Ford, Inc.,* 313 N.W.2d 538, 541 (Iowa 1981). It requires the courts of each state to give the judgment of another state the same preclusive effect between the parties as is given such judgment in the state in which it was rendered. *Id.*

Thus, we must give the previous South Dakota decisions the same preclusive effect they are given in South Dakota. In the case of *Sioux Enterprises v. Tri–State Refining Co.,* 456 N.W.2d 774 (S.D.1990), Opdahl sought to make a collateral attack on the decision in *Tri–State I.* The court there stated:

> The trial court also found, in *Tri–State I,* that Opdahl's claimed transfer of his rights to his various trusts including Sioux I to be fraudulent. This finding was not disturbed on appeal. . . . In a word, the trusts are fraudulently conceived.

*Id.* at 777. The court concluded Opdahl's claims were barred by the doctrine of res judicata. *Id.*

Therefore, Opdahl's claims involving the validity of the trust agreement and his transfer of property to the trusts are barred by the doctrine of res judicata. These issues were fully litigated in the previous South Dakota actions. We accept that court's finding that the trusts, including Appaloosa, are invalid.

■ VI. Opdahl contends Tri–State's action is barred by the statute of limitations or laches. He claims that Tri–State knew since at least 1978 of his transfer of property to Appaloosa. The Iowa statute of limitations for actions based on fraud is five years. Iowa Code § 614.1(4). In this respect, where a creditor fails to secure his judgment within the statutory period from the time he has knowledge or notice of a fraudulent conveyance, ordinarily he will be denied the right because of laches to set aside the conveyance. *Olson v. Larson,* 8 N.W.2d 697, 699, 233 Iowa 1032, 1035 (1943).

■ We first point out that this issue was not raised before the Iowa district court. It is a basic rule of appellate practice that questions not presented to and not passed on by the trial court cannot be raised or reviewed on appeal. *Shill v. Careage Corp.,* 353 N.W.2d 416, 420 (Iowa 1984).

Even if this issue had been preserved for appeal, we conclude that Tri–State's present action is not barred by the statute of limitations or laches. Tri–State's original fraud claims were not barred by the South Dakota statute of limitations. *Tri–State I,* 431 N.W.2d at 314. The question then is whether it filed its present suit to enforce that judgment within the statutory period. An action based on a judgment of a court of record must be filed within twenty years. Iowa Code § 614.1(6). Tri–State clearly filed its present suit in Iowa within this period of time.

VII. Finally, Opdahl claims Tri–State's attorney should be subjected to sanctions, presumable pursuant to Iowa Rule of Civil Procedure 80(a). The purpose of rule 80(a) is to discourage frivolous lawsuits and to deter the misuse of pleadings and motions. *State ex rel. Iowa Department of Human Services v. Duckert,* 465 N.W.2d 871, 873 (Iowa 1991).

Again, this issue was not raised before the Iowa district court. Therefore, we should not consider it on appeal. *Shill,* 353 N.W.2d at 420. Furthermore, our review

of the record shows no basis for the imposition of sanctions.

VIII. We have considered all of the issues raised by Opdahl in this case. We affirm the grant of partial summary judgment by the district court.

AFFIRMED.

DONIELSON, P.J., concurs.

SACKETT, J., specially concurs without opinion.