# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-2610

_____

| | | |
|---|---|---|
| Tommy D. Hall, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Arkansas. |
| Officer Nick Elrod, Texarkana | * | |
| Police Department, Texarkana, | * | [UNPUBLISHED] |
| Arkansas; Officer Jeremy Gordon, | * | |
| Texarkana Police Department; Sgt. | * | |
| Devin Warner, Texarkana Police | * | |
| Department, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: October 25, 2010
Filed: October 28, 2010

_____

Before WOLLMAN, MELLOY, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Arkansas inmate Tommy Hall appeals from the district court's[1] 28 U.S.C. § 1915A dismissal with prejudice of his 42 U.S.C. § 1983 complaint against three

_____

[1]The Honorable Harry F. Barnes, United States District Judge for the Western District of Arkansas, adopting the report and recommendations of the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas.

police officers. In his complaint, Hall alleged that the officers had conducted an unlawful search and seizure in August 2004; that they filed a police report regarding his arrest and specific events after his arrest which was deliberately false and based upon fabricated information; that they attempted to bring a false felony drug charge against him; and that they falsely testified against him during proceedings on the felony drug charge, which was eventually dismissed. Hall also later asserted that defendants had engaged in an unlawful conspiracy regarding the felony drug charge.

We review the dismissal de novo. See Cooper v. Schriro, 189 F.3d 781, 783 (8th Cir. 1999) (per curiam) (§ 1915A dismissal reviewed de novo). As to Hall's claims based upon the alleged unlawful search and seizure and defendants' alleged falsification of a police report, we note the inapplicability of the deferred-accrual rule in Heck v. Humphrey, 512 U.S. 477 (1994), see Wallace v. Kato, 549 U.S. 384, 393 (2007) (Heck rule for deferred accrual is called into play only when there is extant conviction, rather than anticipated future conviction), and we conclude that these claims, filed in July 2009, were time-barred, see Miller v. Norris, 247 F.3d 736, 739 (8th Cir. 2001) (Arkansas three-year personal injury statute of limitations applies to § 1983 action); see also Wallace, 549 U.S. at 387-88 (federal law looks to law of State in which cause of action arose for statute of limitations, while accrual date of § 1983 cause of action is question of federal law); Eidson v. State of Tenn. Dept. of Children's Servs., 510 F.3d 631, 635 (6th Cir. 2007) (statute of limitations on § 1983 claim ordinarily starts to run when plaintiff knows or has reason to know of the injury which is the basis of the action); Johnson v. Johnson County Comm'n Bd., 925 F.2d 1299, 1301 (10th Cir. 1991) (claims arising out of police action, such as search and seizure, are presumed to have accrued when actions actually occurred).

We also agree with the district court that Hall failed to state a claim against defendants for engaging in an unlawful conspiracy, see Nelson v. City of McGehee, 876 F.2d 56, 59 (8th Cir. 1989) (allegations of conspiracy must be pleaded with sufficient specificity and factual support to suggest defendants had meeting of minds

directed toward unconstitutional action), for testifying falsely against him, see Briscoe v. LaHue, 460 U.S. 325, 329-46 (1983) (witnesses are absolutely immune from § 1983 suit), and for bringing a false criminal charge against him, see State v. Murphy, 864 S.W.2d 842, 844 (Ark. 1993) (choice of which charges to file against accused is matter entirely within prosecutor's discretion).

Accordingly, the judgment is affirmed. See 8th Cir. R. 47B.

_____