# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-3309
_____

Hubert W. Martin, et al.

*Plaintiffs - Appellants*

v.

Lisa Julian, et al.

*Defendants - Appellees*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Delta
_____

Submitted: September 23, 2021
Filed: November 18, 2021
_____

Before LOKEN, COLLOTON, and BENTON, Circuit Judges.
_____

LOKEN, Circuit Judge.

Plaintiffs Hubert Martin, Karen Farmer, and Matthew Williams were arrested and charged with drug-related crimes including manufacture and possession of methamphetamine after a warrant search of Martin's property on November 7, 2011. The State *nolle prossed* these charges in January 2016 when Dustin Miller testified in a deposition that Deputy Sheriff Blake Hudson recruited Miller in late 2011 to plant on Martin's property a "smoker bottle" device and components used in

methamphetamine production in exchange for Hudson helping Miller in a contentious child custody dispute with Martin's daughter.

Plaintiffs brought this action in December 2018 alleging federal constitutional claims under 42 U.S.C. § 1983 and pendent state law claims against Hudson and three other agents assigned in late 2011 to Arkansas's 1st Judicial Drug Task Force, Keith Weaver, Gil Brazeale, and Lisa Julian. Plaintiffs allege that Miller planted the contraband and then visited Martin's property to record a video of drug paraphernalia and conversations with people at the home. This evidence was used by Hudson to obtain the search warrant. Executing the warrant, Task Force agents seized the planted evidence, other incriminating evidence, and personal property including several guns and cars. As initially construed by the district court, Plaintiffs' confusing Complaint asserts in three separate Counts: (1) unlawful search and seizure in violation of their Fourth Amendment rights; (2) a violation of Plaintiffs' due process right to a fair trial based on Brady v. Maryland, 373 U.S. 83 (1963); and (3) state law malicious prosecution and false imprisonment claims.

The district court[1] granted Defendants' motions to dismiss the Complaint after Plaintiffs failed to respond to those motions. The court concluded that the Fourth Amendment claims are time-barred by the applicable Arkansas three-year personal-injury statute of limitations, and the due process claims based on Brady fail because "Brady only applies when individuals are actually convicted." See Livers v. Schenck, 700 F.3d 340, 359 (8th Cir. 2012). The court declined to exercise supplemental jurisdiction over the Plaintiffs' state law claims. See 28 U.S.C. § 1367(c). Plaintiffs then moved to vacate or set aside the dismissal Order, arguing the court failed to consider their § 1983 malicious prosecution claim. See Fed. R. Civ. P. 52(b), 60(b). The district court denied this motion in a lengthy Order.

---

[1]The Honorable Kristine G. Baker, United States District Judge for the Eastern District of Arkansas.

Plaintiffs appeal "the final judgment." We review *de novo* a district court's grant of a Rule 12(b)(6) motion to dismiss, accepting all facts in the complaint as true and construing them in the light most favorable to the plaintiffs. Buckley v. Ray, 848 F.3d 855, 861 (8th Cir. 2017). We review the denial of a motion to vacate or set aside a dismissal order for abuse of discretion. Peterson v. The Travelers Indem. Co., 867 F.3d 992, 997 (8th Cir. 2017). Applying these standards of review, we affirm.

1. On appeal, Plaintiffs first argue that their § 1983 false imprisonment and unlawful search and seizure claims are not time-barred and thus form a proper basis for § 1983 malicious prosecution claims. They contend that their injuries were ongoing and thus did not accrue for statute of limitations purposes until at least 2016, when the criminal charges against them were *nolle prossed*. We agree with the district court that this argument is foreclosed by controlling Supreme Court and Eighth Circuit precedent. The governing statute of limitations for § 1983 claims is the personal-injury tort statute of the State in which a cause of action arose. Wilson v. Garcia, 471 U.S. 261, 276-80 (1985). In Arkansas, the personal-injury statute of limitations is three years. Ark. Code Ann. § 16-56-105(3); see Miller v. Norris, 247 F.3d 736, 739 (8th Cir. 2001). When a § 1983 cause of action accrues (and the statute of limitations begins to run) is an issue of federal law. Wallace v. Kato, 549 U.S. 384, 388 (2007). A cause of action for unlawful seizure of property accrues at the time of the seizure. Kaster v. Iowa, 975 F.2d 1381, 1382 (8th Cir. 1992). A claim for false imprisonment accrues when the plaintiff becomes detained "pursuant" to "legal process." Wallace, 549 U.S. at 389. Here, the seizure of Plaintiffs' property, the issuance of arrest warrants, and the filing of the criminal information all took place in late 2011, some seven years before this case was filed. These claims are time-barred.

2. Plaintiffs next argue the district court erred in dismissing their § 1983 malicious prosecution claims because they plausibly alleged unreasonable loss of liberty and seizure of property. A § 1983 claim for malicious prosecution was not

clearly pleaded in the three Counts in Plaintiffs' complaint. In considering Plaintiffs' motion to vacate and set aside its dismissal order, the district court nonetheless interpreted the motion as intending to assert a claim of malicious prosecution under the Fourth Amendment as well as traditional state law grounds -- "that defendants fabricated statements and manufactured events leading to the search of plaintiffs' property, the seizures of plaintiffs' persons and possessions, and the initiation of criminal proceedings against plaintiffs in violation of the Fourth Amendment." However, the court concluded, these claims are also time-barred. And, the court further concluded, if Plaintiffs instead "plausibly pleaded malicious prosecution as the sole surviving federal or constitutional claim," that claim fails because "an allegation of malicious prosecution without a corresponding constitutional violation cannot sustain a civil rights claim under § 1983." We agree.

In arguing that their § 1983 malicious prosecution claims are not time-barred, Plaintiffs rely on dicta in Wallace, a Fourth Amendment unlawful detention case:

> If there is a false arrest claim, damages for that claim cover the time of detention up until issuance of process or arraignment, but not more. From that point on, any damages recoverable must be based on a malicious prosecution claim and on the wrongful use of judicial process rather than detention itself.

549 U.S. at 390. The statute of limitations on common law malicious prosecution claims does not start to run until "termination of the proceeding in favor of the accused." Manuel v. City of Joliet, 137 S. Ct. 911, 921 (2017) (alteration omitted). If applicable, this rule would obviously support Plaintiffs' contention. However, the Supreme Court has not clearly decided whether there is a § 1983 cause of action for malicious prosecution under either the Fourth Amendment or the Due Process Clause. See McDonough v. Smith, 139 S. Ct. 2149, 2155-58 (2019), reviewing when the statute of limitations begins to run on a § 1983 fabricated-evidence claim; Wallace,

549 U.S. at 390 n.2, noting the Court "ha[s] never explored the contours of a Fourth Amendment malicious prosecution suit under § 1983."

As the district court recognized, we have held that "an allegation of malicious prosecution without more cannot sustain a civil rights claim under § 1983." Joseph v. Allen, 712 F.3d 1222, 1228 (8th Cir. 2013), citing Kurtz v. City of Shrewsbury, 245 F.3d 753, 758 (8th Cir. 2001). This means that Defendants' alleged wrongful conduct must also infringe "some provision of the Constitution or federal law." Gunderson v. Schlueter, 904 F.2d 407, 409 (8th Cir. 1990).

Here, the alleged Fourth Amendment violations -- false imprisonment and seizure of property based on fabricated evidence -- occurred before legal process began and are time-barred, despite Plaintiffs' claim that the unlawful seizures continued even after the criminal charges were *nolle prossed*.[2] The only due process claim alleged in the complaint was failure to disclose evidence (the recruitment of confidential informant Miller) in violation of Brady. Plaintiffs do not contest the dismissal of their Brady claims on appeal. Nor did they include § 1983 malicious prosecution claims in the substantive Counts of their complaint. On this record, we conclude the district court did not abuse its discretion in declining to vacate or set aside its initial dismissal Order because Plaintiffs failed to state plausible § 1983 malicious prosecution claims under controlling Eighth Circuit precedent. We reject Plaintiffs' contention that the district court improperly applied summary judgment standards in granting Defendants' Rule 12(b)(6) motions to dismiss and in denying Plaintiffs' motion to vacate or set aside the dismissal.

The judgment of the district court is affirmed.

_____

_____

[2]Plaintiffs subsequently commenced ongoing state court proceedings to recover the seized property.