# United States Court of Appeals
### For the Eighth Circuit

_____

No. 21-3039
_____

Michael Wayne Klein,

*Plaintiff - Appellant,*

v.

Warren Steinkamp, in his individual capacity,

*Defendant - Appellee.*

_____

Appeal from United States District Court
for the Southern District of Iowa - Central

_____

Submitted: May 10, 2022
Filed: August 16, 2022

_____

Before COLLOTON, WOLLMAN, and SHEPHERD, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Michael Klein sued police officer Warren Steinkamp, now retired, after an encounter that led to Klein's arrest and a truncated prosecution. The district court[*]

_____

[*]The Honorable Helen C. Adams, Chief United States Magistrate Judge for the Southern District of Iowa, to whom the case was referred for final disposition by consent of the parties under 28 U.S.C. § 636(c).

granted Steinkamp's motion for summary judgment, and Klein appeals the dismissal of his claims alleging unlawful seizure, false arrest, and malicious prosecution. We conclude that the seizure and arrest claims were untimely, and that the malicious prosecution claim fails on the merits. We therefore affirm the judgment.

I.

On June 19, 2017, Steinkamp and another police officer in Des Moines were dispatched to an apartment building because the manager suspected two people of trespassing and making unauthorized use of a key fob. When the officers arrived, staff believed that the two suspects were in Klein's apartment at the building. A staff member knocked on the door, and Klein eventually opened it. Police saw two people inside with Klein, asked for their identification, and entered the apartment through the opened door.

The officers learned from the apartment manager that the owner of the missing key fob was also missing an expensive purse. Officers asked Klein and the two others to produce their key chains so that police could look for the missing key fob. Officers also began to look for a purse.

Steinkamp picked up and opened a Crown Royal bag. According to his testimony, Steinkamp felt that he had consent to open the bag, and he believed that "people could put drugs" in such a bag. Steinkamp found two empty plastic baggies inside. He thought the baggies indicated that there "could be drug usage going on" in the apartment.

Steinkamp then noticed a lock box and opened it using a key on one of the key chains that he had collected. He looked through the contents of the box and found Klein's identification card, a digital scale, and several bags of a white crystalline substance that he suspected was methamphetamine. The officers then arrested Klein

on drug charges.  A laboratory report later showed that the lock box contained more than nine grams of methamphetamine.

Klein was charged in Iowa state court with two offenses:  (1) possession of more than five grams of methamphetamine with intent to deliver, *see* Iowa Code § 124.401(1)(b)(7), and (2) failure to possess a tax stamp as a dealer of a controlled substance, an offense that requires possession of seven grams or more of methamphetamine.  *See id.* §§ 453B.1(3), 453B.3, 453B.12.

Klein was arraigned on June 20, 2017, and he was detained pending trial.  After Klein moved to suppress evidence seized from the apartment, the county attorney elected not to proceed with the case.  The prosecution moved to dismiss the charges, and the court granted a dismissal on November 7, 2017.  Klein was released from jail several days later.

Klein brought this action in Iowa district court on November 6, 2019, alleging civil rights violations under federal and Iowa state law.  Steinkamp removed the case to federal court, and the district court exercised jurisdiction over claims arising under both federal and state law.  *See* 28 U.S.C. §§ 1331, 1367.  The court ultimately granted Steinkamp's motion for summary judgment and dismissed the action.  Summary judgment is warranted when there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  We review the question *de novo*.

## II.

Klein argues that the district court erred in dismissing as untimely his claims alleging false arrest and unlawful seizure under Iowa law.  Those claims are governed by Iowa Code § 670.5, which provides that a person claiming damages arising from an injury caused by a municipal officer must commence an action "within two years

after the alleged wrongful . . . injury." *See Venckus v. City of Iowa City*, 930 N.W.2d 792, 807-08 (Iowa 2019).

Under Iowa law, an injury occurs at the time of the unlawful act that gives rise to the claim. *See Doe v. New London Cmty. Sch. Dist.*, 848 N.W.2d 347, 351-54 (Iowa 2014); *Venckus*, 930 N.W.2d at 809. There is no evidence that Steinkamp played a role in ordering Klein detained after the date of arrest. If Steinkamp made a false arrest or an unlawful seizure, then he injured Klein at the time of the arrest on June 19, 2017. Klein was thus required to bring an action against Steinkamp on these claims by June 19, 2019. His lawsuit filed in November 2019 was untimely.

Klein argues that *Children v. Burton*, 331 N.W.2d 673 (Iowa 1983), indicates that the date of injury for a false arrest and seizure of a person extends through a succeeding period of confinement. *Children*, however, did not address the timeliness of an action, but rather concerned whether there was probable cause to support an arrest. In that context, the court explained that any liability for false arrest must have arisen within the time that the plaintiff was confined—that is, "within the period commencing with the original arrest of [the plaintiff] and terminating with his release on recognizance"—and that evidence about what the defendant learned later was not relevant. *Id*. at 678. But when the question is the timeliness of an action, an injury from a false arrest occurs on the date of the arrest, not on a subsequent date of release from custody. Indeed, outside the context of the current § 670.5, the Iowa Court of Appeals has ruled that a false arrest claim accrued on the date of the arrest, meaning that the injury and all other elements of the claims were satisfied then. *See Crouse v. Iowa Orthopaedic Ctr.*, No. 03-1626, 2005 WL 1224577, at *4 (Iowa Ct. App. May 25, 2005).

The result is the same on Klein's claims under federal law. The statute of limitations for Klein's claims under 42 U.S.C. § 1983 is two years from the date when the claims accrued. *See Walker v. Barrett*, 650 F.3d 1198, 1205 (8th Cir. 2011); Iowa

Code § 614.1. Klein's false arrest claim accrued when he was bound over for trial on June 20, 2017. *See Wallace v. Kato*, 549 U.S. 384, 391-92 (2007). His unlawful seizure claim accrued at the time of the seizure, on June 19, 2017. *See Hall v. Elrod*, 399 F. App'x 136, 137 (8th Cir. 2010) (per curiam); *Johnson v. Johnson Cnty. Comm'n Bd.*, 925 F.2d 1299, 1301 (10th Cir. 1991); *cf. Martin v. Julian*, 18 F.4th 580, 583 (8th Cir. 2021) ("A cause of action for unlawful seizure of property accrues at the time of the seizure."). The action filed on November 6, 2019, was therefore untimely as to these claims as well. The district court properly granted Steinkamp's motion for summary judgment on Klein's claims alleging false arrest and unlawful seizure under both federal law and Iowa law.

III.

Klein also appeals the district court's dismissal of his state and federal claims alleging malicious prosecution. The district court ruled that the claims were both untimely and without merit. We agree on the merits and need not address timeliness.

Under Iowa law, a plaintiff alleging malicious prosecution must show "(1) a previous prosecution, (2) instigation or procurement thereof by defendant, (3) termination of the prosecution by an acquittal or discharge of plaintiff, (4) want of probable cause, (5) malice in bringing the prosecution on the part of the defendant and (6) damage to plaintiff." *Sarvold v. Dodson*, 237 N.W.2d 447, 448 (Iowa 1976). The existence of probable cause to arrest vitiates a claim for malicious prosecution against the arresting officer. *Muller v. Noelck*, No. 01-1798, 2002 WL 31641698, at *3 (Iowa Ct. App. 2002); *see Whalen v. Connelly*, 621 N.W.2d 681, 687-88 (Iowa 2000).

As for federal law, the Supreme Court recently declared that malicious prosecution is actionable under the Fourth Amendment. *Thompson v. Clark*, 142 S. Ct. 1332, 1337 (2022). A plaintiff must show that (1) the criminal proceeding was

-5-

instituted without probable cause, (2) the defendant's motive in instituting the proceeding was malicious, and (3) the prosecution terminated in acquittal or discharge of the accused. *Id*. at 1338.

The absence of probable cause, therefore, is an essential element of a claim alleging malicious prosecution under both federal and Iowa law. If there was probable cause for Steinkamp to arrest Klein, then Klein's malicious prosecution claims fail as a matter of law.

Probable cause exists under the Fourth Amendment "when a police officer has reasonably trustworthy information that is sufficient to lead a person of reasonable caution to believe that the suspect has committed or is committing a crime." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). Under Iowa law, in the context of a malicious prosecution claim, probable cause exists if the arresting officer "correctly or reasonably believes" (1) that the accused acted in a particular manner, (2) that those actions constituted the offense charged, and (3) that the officer is "sufficiently informed" about the law and facts to justify his initiating the prosecution. *Sisler v. City of Centerville*, 372 N.W.2d 248, 251 (Iowa 1985).

We conclude that Steinkamp had probable cause to arrest Klein for possession with intent to deliver more than five grams of methamphetamine, and failure to possess a tax stamp for seven grams of methamphetamine. *See* Iowa Code §§ 124.401(1)(b)(7), 453B.3, 453B.12. A lock box in Klein's apartment that contained Klein's identification card also held a digital scale and a white crystalline substance that appeared to be at least seven grams of methamphetamine. Steinkamp's personal observation of this evidence was sufficient to support a reasonable belief that Klein committed the charged offenses.

Klein argues that Steinkamp lacked probable cause to arrest him for the seven-gram tax stamp offense, because Steinkamp sent a text message on the day of the

arrest saying he found five or six grams of methamphetamine. The existence of probable cause, however, is an objective inquiry, and Steinkamp's subjective estimate of the precise quantity is not determinative. *See Devenpeck v. Alford*, 543 U.S. 146, 153 (2004); *Veatch v. City of Waverly*, 858 N.W.2d 1, 7-8 (Iowa 2015). Lab results later showed that the lock box actually contained more than nine grams of methamphetamine, and observation of that quantity gave Steinkamp probable cause to believe that Klein possessed at least seven grams of the drug.

Klein also argues that Steinkamp lacked probable cause because his search for the evidence violated the Fourth Amendment and the Iowa Constitution. The existence of probable cause in a civil action, however, is measured based on all evidence known to the arresting officer, whether or not it would have been admissible at trial. Under Iowa law, the court considers "all the information in the officer's possession," and "facts may be taken into consideration that would not be admissible on the issue of guilt." *Children*, 331 N.W.2d at 680. Under federal law, we agree with other circuits that "the exclusionary rule does not apply in § 1983 cases," because the use of illegally obtained evidence (as opposed to an unlawful search or seizure itself) is not a constitutional violation. *Lingo v. City of Salem*, 832 F.3d 953, 959-60 (9th Cir. 2016); *see Townes v. City of New York*, 176 F.3d 138, 148 (2d Cir. 1999). The seized evidence therefore may be considered, and that evidence supports a conclusion of probable cause. Because Steinkamp had probable cause to arrest Klein for both offenses, we need not address whether grounds to arrest for only one offense would be sufficient to defeat a malicious prosecution claim as to both. *Compare Williams v. Aguirre*, 965 F.3d 1147, 1159-62 (11th Cir. 2020), *with Howse v. Hodous*, 953 F.3d 402, 408-09 & n.3 (6th Cir. 2020).

\* \* \*

The judgment of the district court is affirmed.

_____