# IN THE COURT OF APPEALS OF IOWA

No. 23-0892
Filed October 16, 2024

**MICHAEL WAYNE KLEIN,**
        Plaintiff-Appellant,

**vs.**

**DES MOINES POLICE DEPARTMENT, ERIC MOORMAN, and CITY OF DES MOINES,**
        Defendants-Appellees.
_____

        Appeal from the Iowa District Court for Polk County, Michael D. Huppert (summary judgment) and Scott D. Rosenberg (trial and motion for partial new trial), Judges.

        Michael Klein appeals the district court's grants of summary judgment to defendants that dismissed three of his claims and also appeals the district court's denial of his motion for partial new trial. **AFFIRMED.**

        John Q. Stoltze and Bruce H. Stoltze Jr. of Stoltze Law Group, PLC, Des Moines, for appellant.

        John O. Haraldson, Assistant City Attorney, Des Moines, for appellees.

        Considered by Schumacher, P.J., and Buller and Langholz, JJ.

**SCHUMACHER, Presiding Judge.**

Michael Klein appeals the district court's summary judgment ruling in part and the district court's denial of his motion for partial new trial. As to the summary judgment ruling, Klein appeals such to the extent that it granted defendants' motion for summary judgment on Klein's constitutional tort claim; false arrest and malicious prosecution claim; battery claim; and negligent hiring, supervision, and retention claim. Klein also seeks review of the district court's denial of his motion for partial new trial, which Klein submitted after the jury trial was held to determine the amount of damages owed to Klein on his three remaining claims, for which the court had found defendants liable as a matter of law.

We determine Klein's constitutional tort claim has been invalidated by *Burnett v. Smith*, 990 N.W.2d 289, 307 (Iowa 2023). Therefore, we affirm the summary judgment on the constitutional tort claim. Similarly, because the constitutional tort claim was the basis for Klein's negligence claim and is no longer viable, we affirm the district court's summary judgment on Klein's negligent hiring, supervision, and retention claim. We affirm the district court's summary judgment ruling on the claims of false arrest, malicious prosecution, and battery. We also affirm the district court's denial of a partial new trial after finding two of Klein's grounds for appeal, those claiming error in the district court's evidentiary rulings, fail on the merits. And as Klein failed to preserve error on the final basis for his appeal on the denial of motion for partial new trial, we do not reach the merits of the attorney-misconduct argument.

## I.      Background Facts and Proceedings

This appeal arises from a civil suit brought by Klein after he was arrested on criminal charges that were later dismissed by the county attorney. As this suit against the Des Moines Police Department, Officer Eric Moorman, and the City of Des Moines was pending, Klein also pursued a case on these same facts against Officer Warren Steinkamp, the arresting officer, in his individual capacity. *See Klein v. Steinkamp*, 44 F.4th 1111 (8th Cir. 2022). While the case before us is independent of Klein's suit against the individual officer, the Eighth Circuit opinion presents a concise factual background describing the events relevant here, which we now adopt:

> On June 19, 2017, Steinkamp and another police officer in Des Moines were dispatched to an apartment building because the manager suspected two people of trespassing and making unauthorized use of a key fob. When the officers arrived, staff believed that the two suspects were in Klein's apartment at the building. A staff member knocked on the door, and Klein eventually opened it. Police saw two people inside with Klein, asked for their identification, and entered the apartment through the opened door.
>
> The officers learned from the apartment manager that the owner of the missing key fob was also missing an expensive purse. Officers asked Klein and the two others to produce their key chains so that police could look for the missing key fob. Officers also began to look for a purse.
>
> Steinkamp picked up and opened a Crown Royal bag. According to his testimony, Steinkamp felt that he had consent to open the bag, and he believed that "people could put drugs" in such a bag. Steinkamp found two empty plastic baggies inside. He thought the baggies indicated that there "could be drug usage going on" in the apartment.
>
> Steinkamp then noticed a lock box and opened it using a key on one of the key chains that he had collected. He looked through the contents of the box and found Klein's identification card, a digital scale, and several bags of a white crystalline substance that he suspected was methamphetamine. The officers then arrested Klein on drug charges. A laboratory report later showed that the lock box contained more than nine grams of methamphetamine.

Klein was charged in Iowa state court with two offenses: (1) possession of more than five grams of methamphetamine with intent to deliver, *see* Iowa Code § 124.401(1)(b)(7), and (2) failure to possess a tax stamp as a dealer of a controlled substance, an offense that requires possession of seven grams or more of methamphetamine. *See id.* §§ 453B.1(3), 453B.3, 453B.12.

Klein was arraigned on June 20, 2017, and he was detained pending trial. After Klein moved to suppress evidence seized from the apartment, the county attorney elected not to proceed with the case. The prosecution moved to dismiss the charges, and the court granted a dismissal on November 7, 2017. Klein was released from jail several days later.

*Id.* at 1113–14.

On June 19, 2019, Klein initiated this action alleging unlawful search and seizure; wrongful imprisonment and false arrest; malicious prosecution; trespass to land and chattel; battery; and negligent hiring, supervision, and retention.[1]

Competing motions for summary judgment were filed in late 2020. Defendants sought dismissal with judgment in their favor on all issues. Klein sought partial summary judgment on the liability issue for all claims.

The district court did not grant either party's motions in whole. The court granted the defendants summary judgment on the claims of false imprisonment and arrest, malicious prosecution, negligent hiring and supervision, and battery. The court divided its summary judgment ruling on the unlawful-search-and-seizure claims, granting in part to defendants for the claims for all events up to the search of the lockbox and surrounding area, including the Crown Royal bag. For the lockbox-and-surrounding-area search, the district court granted Klein summary judgment on the liability issue. The district court also ruled for Klein on the

---

[1] After the criminal charges were dismissed against Klein, he filed a claim against Polk County related to his period of confinement in the jail. Those claims were resolved through a settlement.

corresponding trespass claims. Thus, the remaining issues for trial were the amount of Klein's recoverable damages on the unlawful search and seizure of the lockbox and surrounding area and the trespass-to-land-and-chattels claims.

Jury trial began on January 30, 2023, for Klein's remaining claims. After four days of testimony, the jury awarded Klein one dollar per claim, for a total verdict of three dollars.

Klein moved for a partial new trial, alleging the district court's evidentiary rulings denied him a fair trial, the defense attorney committed misconduct and prejudiced the jury, and inadequate damages resulted. The district court denied the motion.

Klein now appeals the district court's grants of summary judgment to defendants and the district court's denial of his motion for partial new trial.

## II.     Summary Judgment

Klein provides three independent grounds for his appeal of the district court's rulings on the summary judgment motions: (A) the district court improperly found defendants' entry into Klein's apartment did not violate Klein's right to be free from unlawful search and seizure under article 1, section 8 of the Iowa Constitution; (B) the district court erred in finding probable cause to arrest existed and thus erred in disposing of his false arrest, malicious prosecution, and battery claims on summary judgment; and (C) the district court misapplied the burden of production for Klein's negligent hiring, supervision, and retention claim.

"We review motions for summary judgment for correction of errors at law." *Burnett*, 990 N.W.2d at 293. Summary judgment is appropriate where the moving

party shows "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Iowa R. Civ. P. 1.981(3).

## A. Law Enforcement's Entry into the Apartment

Claims for money damages made solely under article 1, section 8 of the Iowa Constitution no longer present a viable cause of action. In May 2023, the Iowa Supreme Court ruled that Iowa courts will "no longer recognize a standalone cause of action for money damages under the Iowa Constitution unless authorized by the common law, an Iowa statute, or the express terms of a provision of the Iowa Constitution." *Burnett*, 990 N.W.2d at 307. Since *Burnett*, it has been reinforced repeatedly by our supreme court "that there is no express, independent cause of action for claims for monetary damages under article I, section 8 . . . of the Iowa Constitution." *Christiansen v. Eral*, No. 22-1971, 2024 WL 108848, at *3 (Iowa Ct. App. Jan. 10, 2024) (collecting cases), *as amended* (Jan. 25, 2024).

And even if such a suit arose before *Burnett* was decided, the *Burnett* ruling applies to all actions pending at the time the decision was filed. *See, e.g.*, *Venckus v. City of Iowa City*, 990 N.W.2d 800, 812 (Iowa 2023) (applying *Burnett* to conclude the plaintiff's direct claims for damages under the Iowa Constitution are no longer available); *see also Christiansen*, 2024 WL 108848, at *3 ("[O]ur supreme court has repeatedly applied *Burnett* to cases in which the appeals were still pending at the time of the May 5, 2023 ruling in *Burnett* and concluded those claims were barred.").

Klein's constitutional-tort claim related to the officers' entry into his apartment falls under *Burnett*. Thus, we affirm the district court's partial grant of summary judgment.

**B.     False Arrest, Malicious Prosecution, and Battery**

Klein also disputes the district court's finding that led to summary judgment in defendants' favor on Klein's false arrest, malicious prosecution, and battery claims.  In its order on the competing summary judgment motions, the district court recognized that the absence of probable cause was necessary for Klein's false arrest, malicious prosecution, or battery claim to survive defendants' motion.[2] Klein only contends the district court erred in finding officers had probable cause to arrest Klein.  It is on this claim of error that Klein appeals the district court's grant of summary judgment on those claims.

Klein's main challenge to the district court's probable-cause determination focuses on the legality of the search that produced the drug evidence.  He asserts Iowa constitutional law prohibits evidence obtained in an illegal search from serving as the basis of probable cause to arrest.  Klein cites two Iowa Supreme Court cases to support this statement, *State v. Cooley*, 229 N.W.2d 755 (Iowa 1975) and *State v. Smith*, 178 N.W.2d 329 (Iowa 1970).  On our review, we believe

---

[2] Specifically regarding battery, the district court found the evidence indisputably showed the officers did not cause harmful contact with Klein in a manner that could support a battery claim.  Klein does not dispute this finding.  The district court looked to our sister states and explained in its order, "in the absence of any excessive or inappropriate force that might result in harmful contact, the plaintiff's arrest does not standing along create offensive contact that results in a battery." In the time since this district court order was issued, this court has expounded: Even if a defendant can establish the required elements of a battery claim, "[p]olice officers are privileged to commit a battery pursuant to a lawful arrest subject to the limitation on excessive force."  *See Richards v. City of West Des Moines*, No. 22-0895, 2023 WL 4759456, at *5 (Iowa Ct. App. July 26, 2023) (quoting *Lawyer v. City of Council Bluffs*, 240 F. Supp. 2d 941, 955 (S.D. Iowa 2002)).  The district court was correct to conclude Klein's battery claim, which impliedly accedes that no excessive or inappropriate force was used, must fail if the arrest was supported by probable cause.

these cases merely reiterate the principle that unconstitutionally obtained evidence is inadmissible in a criminal trial as evidence of a defendant's guilt. *See Cooley*, 229 N.W.2d at 761 (finding unlawfully obtained evidence was wrongfully admitted by the trial court); *Smith*, 178 N.W.2d at 332–33 (reversing the trial court's denial of the criminal defendant's motion to suppress unconstitutionally obtained evidence). These cases neither support Klein's assertion nor cause conflict for the district court's ruling below.

The Iowa Supreme Court has established that in actions for civil damages that require the court to assess the existence of probable cause, "courts apply a probable cause standard less demanding than the constitutional probable cause standard in criminal cases." *Children v. Burton*, 331 N.W.2d 673, 680 (Iowa 1983). Even when evidence would not be admissible to determine criminal liability, evidence collected in an unlawful manner may still support a probable cause determination in tort claims against a state actor. *See, e.g.*, *Klein*, 44 F.4th at 1116 (applying both Iowa and federal law); *see also Venckus*, 990 N.W.2d at 810 ("The police need not have firm evidence which might lead to a conviction, or even to an indictment, but merely sufficient information to cause a reasonable man to believe that the defendant was involved in a crime." (quoting *State v. Horton*, 625 N.W.2d 362, 365 (Iowa 2001) (en banc)) (cleaned up)); *Children*, 331 N.W.2d at 680 ("In determining probable cause, all the information in the officer's possession, fair inferences therefrom, and observations made by him, are generally pertinent; and facts may be taken into consideration that would not be admissible on the issue of guilt." (quoting 5 Am. Jur. 2d *Arrest* § 48, at 740–41 (1962))). Such a probable-cause determination is viewed through an objective lens and turns on the evidence

known to the officer at the time of the arrest. *See Venckus*, 990 N.W.2d at 810 (analyzing malicious prosecution); *Veatch v. City of Waverly*, 858 N.W.2d 1, 8 (Iowa 2015) (addressing false arrest). "If the officer acts in good faith and with reasonable belief that a crime has been committed and the person arrested committed it, his actions are justified and liability does not attach." *Children*, 331 N.W.2d at 680. Thus, it was not error for the district court below to conclude that, even if the drugs within Klein's personal effects were the product of an unconstitutional search, that unconstitutionality has no bearing on whether the officers had probable cause.

Klein also argues the dismissal of the criminal charges against him established prima facie evidence of a lack of probable cause. Klein references an earlier case, *Berkey v. City of Mingo*, No. 12-1782, 2013 WL 5743646, at *5 (Iowa Ct. App. Oct. 23, 2013), in which this court stated, the plaintiff "established a prima facie showing of a want of probable cause" because "the prosecutor dismissed the charges against [the plaintiff] without proceeding to trial." But this statement must be taken in full context. We further stated that overcoming the prima facie showing of a want of probable cause merely requires evidence in the record that shows probable cause existed when the disputed event occurred. *Id.* This further explanation acknowledges the reality that a prosecutor's decision to dismiss criminal charges "may be based on a post-probable-cause determination that the evidence is insufficient to establish guilt beyond a reasonable doubt." *Id.* at *5 n.8. The *Berkey* court then held, despite the later dismissal of Berkey's criminal charges, probable cause existed at the time of charging and affirmed the grant of

judgment as a matter of law to the defendants on Berkey's malicious prosecution and false arrest claims. *Id.* at \*5, \*7.

Klein's argument is no more persuasive even assuming *Berkey* sets forth a principle that applies here. The district court considered uncontested evidence that officers discovered illegal drugs in Klein's lockbox. This evidence included officer body camera footage showing officers finding a crystalline substance consistent with methamphetamine inside an envelope addressed to Klein. This envelope was located inside a lockbox, the key for which was on a keychain given to the officers by Klein. Despite the earlier dismissal by the county attorney of the criminal charges against Klein, any prima facie showing of want of probable cause that may have arisen would have been easily overcome by this undisputed evidence. Viewing the evidence in the light most favorable to Klein, we agree with the district court's finding that officers had probable cause to arrest Klein.[3]

We conclude that the district court did not err in granting defendants' motion for summary judgment on Klein's false arrest, malicious prosecution, and battery claims.

## C.    Negligent Hiring, Supervision, and Retention Claim

Klein also argues the district court erred in granting summary judgment to defendants on his negligent hiring, supervision, and retention claim. Recovery under that theory requires the claimant to prove not only causation by the employer's negligent hiring, supervision, or retention, but also that "the employee's

---

[3] Our holding is consistent with the Eighth Circuit's ruling in Klein's other lawsuit against Officer Steinkamp individually, concluding Klein's arrest was supported by probable cause regardless of the unconstitutionality of the search. *See Klein*, 44 F.4th at 1116.

underlying tort or wrongful act caused a compensable injury." *Kiesau v. Bantz*, 686 N.W.2d 164, 172 (Iowa 2004) (citation omitted), *overruled in part on other grounds by Alcala v. Marriott Int'l, Inc.*, 880 N.W.2d 699, 708 n.3 (Iowa 2016). "[A]n employer cannot be held liable for negligent supervision or training where the conduct that proper supervision and training would have avoided is not actionable against the employee." *Schoff v. Combined Ins. Co. of Am.*, 604 N.W.2d 43, 53 (Iowa 1999).

On appeal, Klein appears to only claim the underlying wrongful act that would have been avoided by proper supervision and training was the violation of his constitutional right against unlawful search. As discussed above, this alleged violation is no longer a compensable injury after *Burnett*. Without a compensable injury underlying the action, Klein's negligent supervision and training claim cannot survive. *See Christiansen*, 2024 WL 108848, at *7. We therefore affirm the district court's grant of summary judgment to defendants on this issue.

## III. Motion for Partial New Trial

### A. Evidence Admissibility

Klein also appeals the district court's denial of his motion for partial new trial. "The scope of our review of a district court's ruling on a motion for new trial depends on the grounds raised in the motion." *Clinton Physical Therapy Servs. v. John Deere Health Care, Inc.*, 714 N.W.2d 603, 609 (Iowa 2006) (quoting *Richards v. Anderson Erickson Dairy Co.*, 699 N.W.2d 676, 678 (Iowa 2005)). Klein claims the district court's denial of his motion for partial new trial was an error. He traces this error in part to two of the district court's evidentiary rulings: the exclusion of post-arrest evidence and the admission of evidence of methamphetamine.

A trial court has great discretion in determining the admissibility of evidence. *Horak v. Argosy Gaming Co.*, 648 N.W.2d 137, 149 (Iowa 2002). We apply an abuse-of-discretion standard to a trial court's evidentiary rulings. *Clinton*, 714 N.W.2d at 609–10. "An abuse of discretion will be found when the court exercises its discretion on grounds clearly untenable or to an extent clearly unreasonable." *Smith v. State*, 522 N.W.2d 591, 593 (Iowa 1994).

### 1.　　Post-Arrest Events

Klein first challenges the district court's decision to exclude evidence of events that occurred after Klein's arrest.[4] Klein argues the district court's decision to exclude evidence of post-arrest events prevented him from presenting the full scope of his damages proximately caused by the unlawful search of his property. Relying on *State v. Dennison*, Klein urges that Iowa law entitles a plaintiff to compensation for "inevitable . . . adverse consequences" proximately caused when that plaintiff was arrested and charged with a crime only to have that charge later dismissed. 571 N.W.2d 492, 497 (Iowa 1997), *overruled by State v. Williams*, 895 N.W.2d 856 (Iowa 2017). The commentary Klein references in *Dennison* addressed cases of arrests unsupported by probable cause. *See id.* (describing the consequences of improper arrests based on insufficient evidence). As we have already discussed, the officers here had probable cause to arrest Klein.

The scope of compensable damages for Klein's remaining claims was considered by the district court after advisement by the parties in the pleadings on

---

[4] Although Klein appears to provide four theories challenging this decision to exclude evidence, we address only those for which Klein provided legal authority. *See* Iowa R. App. P. 6.903(2)(a)(8)(3) (2024) ("Failure to cite authority in support of an issue may be deemed waiver of that issue.").

the parties' motions in limine. In its initial order on Klein's motion to suppress the drug evidence, the district court noted that the authorities provided by the parties "clearly show[ed] that there is not controlling authority under Iowa law on the proper scope of compensatory damages for [Klein's] claims that remain." The district court concluded the scope of liability stopped the moment probable cause arose.[5] Applying this conclusion of law to the facts, the district court reasoned post-arrest events were not relevant for the jury's consideration on damages.

This rationale is far from untenable or clearly unreasonable. Indeed, we struggle to see the relevance of post-arrest events to the amount of damages owed for liability that is limited to only events occurring *before* a lawful arrest. Nor does *Dennison* conflict with the district court's conclusion. Because probable cause to arrest existed, Klein's proximate cause argument—that the district court's limitation on evidence was an abuse of discretion—is unpersuasive.

Under a different theory challenging the exclusion of post-arrest evidence, Klein claims the district court's ruling violated Iowa Rule of Evidence 5.106 because he was prevented from admitting evidence of the circumstances surrounding the dismissal of criminal charges. Rule 5.106 is the codification of the common law rule of completeness. *State v. Tucker*, 982 N.W.2d 645, 658 (Iowa 2022). The rule "allows a second litigant to introduce alongside supposedly partial or incomplete evidence some additional evidence 'that in fairness ought to be considered at the same time.'" *Id.* at 659 (quoting Iowa R. Evid. 5.106). A trial court has "significant discretion in deciding whether rule 5.106 applies in a

---

[5] Klein does not allege an issue about the district court's application of law.

particular circumstance." *Id.* However, "[n]either rule 5.106 nor the common law doctrine of completeness can trump the fundamental rule that irrelevant evidence is not admissible." *Id.* Because the district court reasonably held the evidence of post-arrest events was irrelevant to assessing the remaining damages claims, we see no abuse of discretion in the district court's rejection of Klein's rule 5.106 argument.

**2.      Drug-Related Evidence**

In a second evidentiary challenge, Klein disputes the district court's admission of evidence of drug activity. In this appeal, Klein asserts the probative value of the evidence was far outweighed by the danger of unfair prejudice and thus violated Iowa Rule of Evidence 5.403. The great discretion afforded to trial courts making evidence admissibility determinations "extends, of course, to the balancing of probative value versus prejudice under Iowa Rule of Evidence 5.403." *Horak*, 648 N.W.2d at 149. "[W]e reverse the trial court only when we find a clear abuse of that discretion." *Shawhan v. Polk Cnty.*, 420 N.W.2d 808, 809 (Iowa 1988).

During a pretrial proceeding, the district court heard arguments from both Klein and defendants concerning the relevance and admissibility of the drug-related evidence. The district court agreed that because the jury would be permitted to consider Klein's emotional and reputational damages, evidence that officers produced from within Klein's possessions a baggie of methamphetamine in a room occupied by multiple other people would be relevant to the jury's consideration.

Klein's argument on the imbalance between the prejudicial and probative value misapplies the ruling of an earlier case before this court in which we affirmed a trial court's decision to exclude evidence under rule 5.403. *See Gardner ex rel. Iowa State Bank v. Broadlawns Med. Ctr.*, No. 08-0285, 2009 WL 1491807, at *2–3 (Iowa Ct. App. May 29, 2009). In *Gardner*, we did not rule that evidence of methamphetamine use is particularly or inherently prejudicial such that its prejudicial effect somehow per se outweighs its probative value, as Klein seems to suggest. Instead, we merely applied an abuse of discretion standard to the district court's decision to exclude and found no such abuse existed. *Id.* at *3.

We are unmoved by Klein's claim. The jury was tasked with assessing Klein's damages on three issues for which liability was predetermined by the court. The district court allowed the jury to consider more than just physical damages, and thus declined to exclude evidence that it reasoned may be relevant to loss of reputation or emotional damages. As in *Gardner*, "[a]fter considering the leeway we afford trial judges in the balancing process and the 'clear abuse' standard of review, we do not find an abuse of discretion in the trial court's [admission] of the evidence." *Id.*

Finding no reversible error on the district court's disputed evidentiary rulings, we determine the motion for new trial was properly denied on these grounds.

**B.    Defendant's Closing Argument**

Klein's final argument is that the district court erred in denying his motion for new trial based on defense counsel's allegedly improper closing arguments. Defendants dispute this issue was preserved for appeal.

Ordinarily, a party must object to opposing counsel's improper remarks at the time they are made to a jury. *Olson v. BNSF Ry. Co.*, 999 N.W.2d 289, 299 (Iowa 2023); *accord Andrews v. Struble*, 178 N.W.2d 391, 401 (Iowa 1970) ("When an improper remark is made by counsel in the course of jury argument, it is the duty of the party aggrieved to timely voice objection."). But at least in civil cases, Iowa has recognized the need for an alternative way to preserve errors on such claims of attorney misconduct because of the potential jury prejudice an objection during closing arguments may cause the objecting party. *Olson*, 999 N.W.2d at 299. To preserve these misconduct allegations for appellate review, a party must either object at the time the remarks are made or raise the objection in a motion for mistrial before the matter is submitted to the jury. *Id.* Either action "gives 'the trial court an opportunity to admonish counsel or instruct the jury as it may see fit.'" *Id.* (quoting *Andrews*, 178 N.W.2d at 401). The requirement of a timely objection "discourage[s] the wait-and-see approach, in which aggrieved parties refrain from objecting to remarks in a jury argument until after the verdict has been rendered." *Kinseth v. Weil-McLain*, 913 N.W.2d 55, 67 (Iowa 2018).

Klein's misconduct objection was not raised in a timely manner. Klein's attorney did not object to defense counsel's closing arguments other than to make one relevance objection.[6] The district court overruled the objection, and Klein proceeded with rebuttal. Klein made no objection to any of the alleged instances of misconduct during closing arguments, and he failed to make a motion for mistrial

---

[6] Any claim of error that would be preserved by this objection would be limited to the district court's ruling on relevance. *See Olson*, 999 N.W.2d at 299 (limiting the preservation of error based on the grounds raised in the appellant's timely objection). Klein does not raise that issue.

before the matter was submitted to the jury. Only after the jury returned the verdict awarding damages at one dollar per count did Klein assert an objection based on attorney misconduct. This appears consistent with a "wait-and-see approach" that the requirement of timely objection seeks to discourage. *See id.*

In the preservation of error statement, Klein supplements this misconduct argument by citing to *Hein v. Waterloo, C. F. & N. Ry. Co.*, 162 N.W. 772 (Iowa 1917), and asserting "[i]ndeed, this prejudice is so substantial that in some cases, depending on the nature of the argument, even an 'indefinite objection' or none at all may be sufficient to warrant a new trial." However, he presents no statement instructing this court how that impacts the preservation of error.[7] We therefore decline to address this insertion.

We conclude this issue has not been properly preserved for our consideration.

## IV.    Conclusion

We affirm the district court ruling on the constitutional tort claim and the negligent hiring and supervision claim as *Burnett* prevents either from proceeding. We affirm the district court's grants of summary judgment on the issues of false arrest, malicious prosecution, and battery. We affirm the district court's denial of Klein's motion for partial new trial. And because the issue of attorney misconduct is unpreserved for our review, we do not reach the merits of this claim.

**AFFIRMED.**

---

[7] Appellate courts are not obligated to "speculate on the arguments [a party] might have made and then search for legal authority and comb the record for facts to support such arguments." *Hyler v. Garner*, 548 N.W.2d 864, 876 (Iowa 1996).